**LEGISLATURE OF THE VIRGIN ISLANDS and
JOINT BOARDS OF ELECTIONS, Plaintiffs**

v.

**KENNETH E. MAPP, Defendant**

Civil No. 1989-129

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 10, 1989

ANDREW L. CAPDEVILLE, ESQ., St. Thomas, V.I., *for plaintiff*

JULIO A. BRADY, ESQ., St. Thomas, V.I., *for defendant*

O'BRIEN, *Chief Judge*

### ORDER

THIS matter came before the Court on May 10, 1989 on application of the Legislature of the Virgin Islands for a declaratory judgment, preliminary and permanent injunction. All of this is aimed at removing a member of the Legislature, the defendant, Kenneth Mapp, on grounds he lacks statutory eligibility to be a member of that body. We ordered that the Joint Boards of Elections of the Virgin Islands be added as a party plaintiff in order to bring all of the parties to the dispute before the Court.

Before a Court can act in response to an action filed, it must first satisfy itself that it has the jurisdiction to proceed. In that

connection, we note that the Revised Organic Act of 1954, adopted by the U.S. Congress, is our constitution (the "Organic Act") until Virgin Islanders decide otherwise. Two sections of the Act are pertinent to our own inquiry. Section 6(b) states in part:

(b) No person shall be eligible to be a member of the legislature who is not a citizen of the United States, who has not attained the age of twenty-one years, who is not a qualified voter in the Virgin Islands, who has not been a bona fide resident of the Virgin Islands for at least three years next preceding the date of his election ....

Section 6(g) states that "[t]he legislature shall be the sole judge of the elections and qualifications of its members ...."

In this case involving Mr. Mapp, his alleged ineligibility to sit in the legislature was not discovered until after he was sworn in and became an incumbent. Ordinarily, a decision on whether a person is qualified to be a registered voter, a candidate for public elective office, or a person successfully elected and thus entitled to be so certified, is statutorily placed in the hands of the Boards of Elections for the districts. Title 18 of the Virgin Islands Code covers all aspects of these matters.

But when it comes to determining the eligibility of sitting members of the legislature, the responsibility shifts from the Boards of Elections to the legislature itself. It is well settled that a constitutional provision of the kind quoted above, which gives the legislature "sole" power to determine the "qualifications" of its members, vests that legislature with exclusive power over the actions covered and generally even deprives courts of jurisdiction. 72 Am. Jur. 2d States, Territories, and Dependencies § 44, nn.71, 78 (1984). This "sole" authority has some limitations which we shall discuss infra.

It has been repeatedly held that where the language of empowerment exists in favor of the legislature as quoted above, not only can that body make a decision on whether a member is disqualified, it alone determines the methods and procedures to follow. Thus, it decides for itself whether a bare majority or other larger majority is necessary, or whether a simple removal resolution or a more detailed process of investigation will be utilized. The requirements of minimum due process in favor of the member, however, must be met. Bond v. Floyd, 385 U.S. 116 (1966); see also Annotation, Jurisdiction of courts to determine election or qualifications of member of legislative body ...., 107 A.L.R. 205 (1937). This means

Mr. Mapp is entitled to know of the allegations against him, and be given an opportunity to respond.

It used to be that the power of the legislature in regard to the qualifications of its members was absolute, with no judicial review permitted. This absolute power was pierced by the Supreme Court more than twenty-one years ago in two famous decisions involving black political leaders, Julian Bond and Adam Clayton Powell. In Bond, 385 U.S. at 131, the court held invalid the exclusion of Bond from the Georgia House of Representatives. It based its jurisdiction on its assertion that it had the right to review questions involving constitutional rights. This right of review has also been extended to legislative decisions on reapportionment.

In Powell v. McCormack, 395 U.S. 486 (1969), the court held that the U.S. House of Representatives was wrong in its exclusion of Adam Clayton Powell. The court said:

> Our system of government requires that federal courts on occasion interpret the Constitution in a manner at variance with the construction given the document by another branch. The alleged conflict that such an adjudication may cause cannot justify the courts' avoiding their constitutional responsibility.

Id. at 549.

■ In our view, the situation is as follows: the legislature has "sole" authority to determine the qualifications of its members. The only exception to that is if the legislature, in carrying out its authority, violates the Organic Act's other provisions. In such limited situations, judicial review is permitted. For instance, if it is clear that an incumbent does not meet the requirements to be a member of the legislature contained in section 6(b) of the Act, and the legislature persists in permitting that person to remain in the legislature, then certainly judicial review would be permissible. The legislature has no more right to violate the Organic Act than anyone else. Likewise, if an incumbent is removed in violation of constitutional protections, review is available. Otherwise, the decision of the legislature is final and non-appealable.

This situation is analogous to a person sitting in a legislature who is thereafter convicted of a felony. Under other provisions of section 6(b) of the Organic Act, such a person is not permitted to sit in the legislature. If the conviction is brought to the attention of the legislature, and it refuses to remove such a member, judicial review to uphold the integrity of this section of our constitution would be

permissible. It is no less true when applied to other requirements having to do with qualifications of members of the legislature.

In this case, the legislature has not yet acted. This is understandable, because at first blush, it might appear that the power to make a determination rests with the Boards of Elections. But as pointed out earlier, this power passes to the legislature when a person takes his or her seat in that body.

Of course, the Boards of Elections remain the entities which determine whether a person is statutorily eligible to seek elective office in the future under the various sections of title 18 of the Virgin Islands Code. Even present incumbents must qualify before the Boards of Elections in the election to the next legislature. They will still have a major role to play.

Because the legislature has not acted on the issue of Mr. Mapp's qualifications to continue as an incumbent, this court has no jurisdiction over the matter. Our jurisdiction is specifically limited to the kinds of constitutional considerations discussed earlier, and must always follow the action of the legislature itself, or its failure to act, which creates a violation of the Organic Act.

■ For that reason, we will DISMISS the complaint filed by the legislature on the ground that this court, at the present time, lacks jurisdiction to hear the case.