Alva Taylor **BROWN,** Plaintiff,

v.

E. Bart **DANIEL,** et al., Defendants.

Civ.A. No. 3:98–00265.

United States District Court,
D. South Carolina,
Columbia Division.

July 20, 1998.

Arthur K. Aiken, Columbia, SC, for plaintiff.

Sandra Jane Senn, Kate Schmutz, Charleston, SC, Pope D. Johnson III, McCutchen, Blanton, Rhodes & Johnson, James Mixon Griffin, Griffin & Lydon, Columbia, SC, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Pending is the motion to disqualify Plaintiff's counsel and the firm of Collins & Lacy, P.C. ("Collins & Lacy") filed by Defendants E. Bart Daniel, John M. Barton & Dale L. DuTremble.[1] Pending also is Defendant

Ronald L. Cobb's motion to adopt, conform and have the benefit of joining Daniel, Barton & DuTremble's motion to disqualify, which the Court **GRANTS**. After careful consideration, the Court **DENIES** the motion to disqualify.

## I.  FACTUAL BACKGROUND

Plaintiff Alva T. Brown is represented by Arthur K. Aiken of the Collins & Lacy law firm. Aiken's senior partner, Joel W. Collins, Jr., represented Plaintiff's decedent, Luther L. Taylor, Jr., in the underlying criminal case from 1990 until Taylor's death in March 1997. Collins first alleged prosecutorial misconduct in Taylor's case during pretrial motions, in September 1990. Throughout the criminal case, Collins was widely quoted in newspaper articles covering the "Operation Lost Trust" prosecutions.

After Taylor's death, Brown selected Collins & Lacy to represent her in this civil case because of the firm's longstanding representation of Taylor. Brown has submitted an affidavit stating she understands the nature of the disqualification issue and wishes to continue with the Collins & Lacy law firm. Brown Aff., Ex. A, Pl.'s Resp.

Brown has listed Joel Collins ("Collins") as the first witness in her case and his wife, Rhonda P. Collins, who was a Collins & Lacy paralegal, as the second witness. Both Brown and Collins & Lacy acknowledge that Collins is precluded from appearing as an advocate in a case in which he is a witness. Accordingly, the Court **DENIES** the motion as moot, as it relates to disqualifying Collins for this reason.

In a footnote, Defendants similarly state Aiken "participated in the sentencing phase of Taylor's criminal matter and could himself become a witness in this case," Defs.' Mem. Supp. Disqualification at 3 n. 6. Also in a footnote, Defendants state they may call Yolanda C. Courie, partner in the Collins & Lacy firm, to testify at trial. Because Defendants do not provide any details of 1) in what manner Aiken or Courie "participated," or 2) what material information either could pro-

---

1. For purposes of this Memorandum Opinion and Order, Defendants Daniel, Barton & Du-

Tremble will be collectively referred to as "Defendants."

vide, such that he or she would "likely ... be a necessary witness" under *Rule* 3.7 of the *South Carolina Rules of Professional Conduct,* the Court **DENIES** the motion as it may relate to disqualifying Aiken or Courie on the basis of dual roles.

Defendants primarily argue, under *Rule* 3.7, Joel Collins and his firm should be disqualified because (1) there will be a confusion of the roles of advocate and witness; (2) Aiken will have to argue his partner's credibility; (3) there is already bitter hostility between Collins and Defendants; and (4) Collins' testimony is integral to Plaintiff's case. Secondarily, Defendants argue Collins has already been quoted widely regarding the case and, now, continues to engage in potentially prejudicial pretrial publicity.

In response, Brown argues *Rule* 3.7(b) specifically allows Aiken to continue as an advocate in the case, so long as Collins serves only as a witness at trial, which he will do. Plaintiff also argues disqualifying the firm would work a substantial hardship to Brown because 1) the firm is intimately familiar with the details of years of investigation and prosecution; and 2) it would be difficult for Plaintiff to find another firm who would take the case on a contingency, the only manner in which Brown can proceed.

The Court has previously advised the parties that it was aware of *Rule* 3.7(b) which allows the firm to continue, but that the Court would examine the matter further, including the impact and sources of pretrial publicity. Furthermore, the Court noted that opposing counsel could address Collins' bias on cross-examination and in arguments to the jury. Finally, the Court warned that if Collins continued to engage in pretrial publicity, it would implicate his bona fides and could result in adverse action to the detriment of the client.

## II. DISCUSSION

### A. *Disqualification*

■ There is little Fourth Circuit or South Carolina law analyzing disqualification of a

law firm when a partner will be a necessary witness in the case. In *Clinton Mills, Inc. v. Alexander & Alexander, Inc.,* 687 F.Supp. 226 (D.S.C.1988), the court set out the general background for a motion to disqualify:

> A motion to disqualify counsel is a matter subject to the court's general supervisory authority to ensure fairness to all who bring their case to the judiciary for resolution. Under District Court Local Rules 2.08 and 2.09(h)(i)(2),[2] the South Carolina Code of Professional Responsibility establishes the ethical standards governing the practice of law in this court. It is the court's responsibility to use its disqualification power to see that those who practice before the court adhere to the South Carolina Code.
>
> . . .
>
> While it is the court's responsibility to ensure the propriety of the bar, the act of disqualifying a firm "is ordinarily not taken without a strong showing."

*Id.* at 228–29 (quoting *Stanwood Corp. v. Barnum,* 575 F.Supp. 1250 (W.D.N.C.1983) (pre-dating the adoption of the Model Rules)). Our Court of Appeals has stated, "The drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel; and that they always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." *Shaffer v. Farm Fresh,* 966 F.2d 142, 146 (4th Cir.) (addressing a motion for disqualification based on alleged conflict of interest) (citing *Woods v. Covington County Bank,* 537 F.2d 804, 813 (5th Cir.1976)), *cert. denied,* 506 U.S. 1021, 113 S.Ct. 657, 121 L.Ed.2d 583 (1992). *See also Buckley v. Airshield Corp.,* 908 F.Supp. 299, 304 (D.Md. 1995), *appeal dismissed,* 86 F.3d 1175 (4th Cir.1996); *Robert Woodhead, Inc. v. Datawatch Corp.,* 934 F.Supp. 181, 183 (E.D.N.C. 1995).

---

**2.** Under *Rule 83.I.08* of the *Local Rules of the United States District Court for the Southern District of South Carolina,* "[t]he ethical standards governing the practice of law in the Court are the South Carolina Rules of Professional Conduct

(Rule 407 of the South Carolina Appellate Court Rules), now in force and as hereafter modified by the Supreme Court of South Carolina, except as may be otherwise provided by specific Rule of this Court."

*Rule* 3.7 of the *South Carolina Rules of Professional Conduct* states:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) The testimony relates to an uncontested issue;

(2) The testimony relates to the nature and value of legal services rendered in the case; or

(3) Disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.[3]

S.C.C.P.R. Rule 3.7 (1990). South Carolina's rule is identical to Model Rule 3.7, which is more liberal than the earlier Model Code provision. The Model Code was a bright-line rule. It had no provision allowing the law firm to continue representation even if a partner was to act solely as a witness. One court stated that, under the new Model Rule 3.7(b),

vicarious disqualification ought to occur in relatively few cases, such as when a lawyer's testimony would be adverse to a client.... "The change is consistent with the public policy of avoiding confusion between the lawyer's role as advocate and witness without unduly interfering with the client's ability to be represented by counsel of the client's choice."

*Paretti v. Cavalier Label Co., Inc.,* 722 F.Supp. 985, 989 (S.D.N.Y.1989) (citation omitted). *Accord In re American Motor Club, Inc.,* 119 B.R. 394, 399–400 (Bankr. E.D.N.Y.1990).

Defendants provide a thorough listing of the ethical concerns of allowing a partner to act as lead counsel when another partner is a witness in the case: the attorney-witness may be perceived as distorting the truth or as less objective; the attorney-advocate is in the indelicate position of arguing his partner's credibility; the client's case may be

hurt because the attorney-witness's credibility is damaged because of his bias and financial stake in the litigation; and the jury may accord undue weight to the attorney-witness's testimony simply because he is an attorney. *See Jones v. City of Chicago,* 610 F.Supp. 350, 357, 359 (N.D.Ill.1984). Defendants assert "the ultimate and continuing justification for the advocate witness rule, preservation of the integrity of the judicial process, requires disqualification...." *Id.* at 362.

Importantly, *Jones* recognized disqualification of the entire law firm is a "more difficult" question. *Id.* at 358. The *Jones* court drew mostly from cases "under the former Code and current commentary," *id.* at 359, but noted the new, liberal Model Rule 3.7, which had not been addressed in the parties' briefings. The court acknowledged case law interpreted Model Rule 3.7 to give "a greater recognition of the important of the client's own judgment concerning his choice of counsel to represent him." *Id.* at 360 (quoting *General Mill Supply Co. v. SCA Services, Inc.,* 697 F.2d 704, 717 n. 1 (6th Cir.1982)).

After reviewing *Rule* 3.7(b), counsels' arguments and the affidavits presented, the Court finds no reason to disqualify the entire Collins & Lacy firm. First, Collins' acting solely as a witness significantly reduces possible confusion of the roles of advocate and witness and hostility between parties. Second, Defendants may address Collins' bias on cross-examination and in arguments to the jury. Third, given the nature of the underlying facts, it is likely attorneys may be called to testify on both sides of the case. This balances any concerns that the jury may accord undue weight to the testimony of Collins simply because he is an attorney. Finally, the Court notes Brown's affidavit demonstrating she understands the nature of the disqualification issue and wishes to continue with the Collins & Lacy firm. Thus, mindful of the drastic nature of disqualification, the Court finds *Rule* 3.7(b) does not require disqualification of the entire firm. Aiken may continue as trial counsel.

---

**3.** No party has argued that *Rules* 1.7 or 1.9 preclude Aiken from acting as Brown's trial counsel.

■ Even were the Court to find the firm should be disqualified under *Rule* 3.7(b), Brown effectively argues such a disqualification would work a substantial hardship. The substantial hardship exception to *Rule* 3.7 is construed narrowly. Accordingly, the "expense and possible delay inherent in any disqualification of counsel," without more, do not qualify as substantial hardship, *Estate of Andrews v. U.S.*, 804 F.Supp. 820, 829 (E.D.Va.1992) (citations omitted). To find "substantial hardship," courts have required something beyond the normal incidents of changing counsel, such as the loss of extensive knowledge of a case based upon a long-term relationship between the client and counsel and substantial discovery conducted in the actual litigation. *See Lumbard v. Maglia*, 621 F.Supp. 1529, 1540 (S.D.N.Y. 1985).

■ This case presents a situation in which disqualification of the entire firm would work substantial hardship to Brown. The case is quite complex with a remarkable set of detailed facts and an intricate time line. During the eight-year span of representing Taylor and Brown, the Collins & Lacy firm has developed an intimate familiarity with the facts of the "Operation Lost Trust" investigation and prosecutions as well as the facts of the instant lawsuit. The firm has unique experience and extensive knowledge particular to the case, such that it would work substantial hardship to Brown to begin again with a new set of attorneys.

Consequently, the Court **DENIES** the motion. To address Defendants' concerns, the Court will give an *in limine* jury instruction contemporaneous with Collins' taking the stand and a later instruction directed to final argument, as such might refer to a fellow partner's credibility and other relevant issues.

### B. Pretrial Publicity

Defendants have renewed their motion to disqualify based upon Collins' recent newspaper statements regarding the criminal case. Neither party has briefed how such statements should be addressed by the Court. The Court acknowledges the guidance of

*Rule* 3.6 of the *South Carolina Rules of Professional Conduct,* which states in part:

(a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

The Court is aware of applicable exceptions to the *Rule,* but counsel is noticed that the Court will apply the rule as written. Additional pretrial publicity releases by the Plaintiff's counsel, firm, or its witnesses, in either the criminal or civil case may result in a mistrial to the party injured and disqualification issues reconsidered.

### III. CONCLUSION

Accordingly, the Court **DENIES** Defendants' motion to disqualify Plaintiff's counsel and the firm of Collins & Lacy.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.