**DAILY NEWS PUBLISHING COMPANY d/b/a VIRGIN ISLANDS DAILY NEWS, acting through its Executive Editor, J. LOWE DAVIS, Plaintiff**

**v.**

**29TH LEGISLATURE OF THE VIRGIN ISLANDS and SENATOR RONALD RUSSELL, Defendants**

Case Nos. SX-12-CV-412, SX-12-CV-415

Superior Court of the Virgin Islands

Division of St. Croix

October 24, 2012

DONOHUE, *Presiding Judge*

## MEMORANDUM OPINION

(October 24, 2012)

**THIS MATTER** came before the Court for a hearing on Plaintiff Daily News Publishing Company's ("Daily News") Motion for Mandatory Injunction.[1] During the course of the hearing, the Court *sua sponte* raised the issue of Defendant's, the 29th Legislature of the Virgin Islands ("Legislature"), legal representation by Senate President Ronald Russell Esq. After a review of the record and applicable law, the Court finds that Senate President Ronald Russell Esq., must be disqualified from representing the 29th Legislature in this matter.

## I. PROCEDURAL HISTORY

The Virgin Islands Legislature appropriates and the Office of Management and Budget allots available funds to the different branches of the government of the Virgin Islands.[2] The U.S. Department of Interior in conjunction with the Virgin Islands Inspector General conducts audits of various branches of the Virgin Islands government including the Legislature. The objective of these audits is to ". . . determine whether the Legislature carried out its administrative functions related to personnel, procurement, and property management in accordance with applicable laws and regulations"[3] In 2010, at the request of the outgoing President

---

[1] (Pl.'s Mot. Inj., filed Oct. 12, 2012.) (Rec. Proceedings, entered Oct. 23, 2012.)

[2] U.S. Dept. Interior, Audit Report, Administrative Function of the Virgin Islands Legislature (Rpt. No. 01-1-107, 1) (2000).

[3] *Id.*

of the 28th Legislature and Senate President Ronald Russell, the Department of Interior, in conjunction with the Virgin Islands Inspector General conducted an audit of the Legislature.[4] This report found

> A number of highly questionable practices came to light during this audit of the Virgin Islands Legislature's . . . stewardship of public funds. We attribute the deficiencies to an absence of formal policy and procedure and weak internal controls.[5]

Subsequently, the report was released to the public. On October 12, 2012 the Daily News filed with the Court the instant motion requesting that the Court issue an injunction ordering the 29th Legislature make available for inspection and copying the following documents,

> Any and all memoranda, requests or instructions distributed in any format to members of the 26th, 27th, 28th, and 29th Legislatures of the Virgin Islands, or their staffs, regarding cash advances that were missing documentation or ad an outstanding balance owed to the Legislature of the Virgin Islands, with photocopies of any and all responses from Senators during the same period; and

> Electronic copies or photocopies of any ledger or spreadsheet that details cash advances made to any senator or senatorial staff from the 26th, 27th, 28th or 29th Legislatures.[6]

In opposition, Senator Russell filed a separate civil action seeking to prevent the Daily News from examining ". . . information which may be protected from disclosure pursuant to Virgin Islands law."[7] In response, the Daily News filed a motion to consolidate the two actions into one.[8] After a review of the issues and facts in both actions and pursuant to Federal Rule of Civil Procedure 42, the Court granted the Daily News' Motion and consolidated the two actions into one.[9] Pursuant to Federal

---

[4] U.S. Dept. Interior, Audit Report, Administrative Function of the Virgin Islands Legislature (Rpt. No. VI-IN-VIS-0001-2010) (Nov. 28, 2011).

[5] *Id.* at 1.

[6] (*Id.*)

[7] (Pl.'s Emergency Pet., filed Oct. 12, 2012) (*Senator Russell v. Daily News*, SX-12-CV-415, filed Oct. 12, 2012.)

[8] (Pl.'s Mot. Consolidate, filed Oct 5, 2012.)

[9] FED. R. CIV. PROC. 42; (Order entered Oct. 19, 2012.)

Rule of Civil Procedure 65, the Court also set this matter for a hearing on the Daily News' motion for injunctive relief and Senator Russell's opposition. On October 22, 2012, the Parties appeared before the Court on the Daily News' motion for injunctive relief. Kevin Rames, Esq., and Semaj Johnson Esq. appeared on behalf of the Daily News, Senator Russell appeared on behalf of himself and the 29th Legislature.

Before arguments on the mandatory injunction began, the Court stated that it had serious concerns regarding Senator Russell's ability to act as legal counsel for the Legislature. Senator Russell argued that the separation of powers doctrine allowed the Legislature to set its own rules regarding hiring legal counsel. Senator Russell stated that while he could not cite to a particular legislative rule that authorized him to act as legal counsel, the rules did not prohibit him from representing the Legislature in a court proceeding. Further, Senator Russell argued that because he is an attorney and was the most knowledgeable on the issues before the Court, it was appropriate for him to act as counsel for the Legislature in this matter. Finally, despite the fact that the Legislature retains general counsel, Senator Russell contended that the Legislature did not have the money to hire counsel, as such his legal representation of the Legislature promoted economic efficiency. In response, counsel for the Daily News stated that in past lawsuits against the Legislature, the Legislative body officially designated legal counsel to represent it. Counsel noted that there was no evidence on the record that the Legislature had designated Senator as legal counsel in this matter. Counsel argued that Senator Russell as a named party in this matter would necessarily have information that might require his testimony, and his status as advocate, named party and potential witness could hinder his ability to testify.

## II. STANDARD

■ The Court is tasked with supervising the conduct of attorneys that appear before it; and has inherent power to disqualify any attorney if it finds such action is warranted.[10] It is at the Court's discretion to determine whether disqualification is warranted.[11] Disqualification is a

---

[10] *McKenzie Construction v. St Croix Storage Corp.*, 961 F. Supp. 857, 859, 37 V.I. 105 (D.V.I. 1997).

[11] ANNOT. MODEL R. PROF.'L CONDUCT "Preamble and Scope: Disqualification" annot. at 9 (6th ed. 2007) (quoting *Trimper v. Terminix Int'l Co.*, 82 F. Supp. 2d 1 (N.D. N.Y. 2000) (citations omitted) (2007)).

"drastic measure" that is only imposed when absolutely necessary.[12] A court's *sua sponte* disqualification of an attorney must be approached with even greater caution as it may interfere with the client's right to counsel. Nevertheless, it is in the best interest of the public for courts to *sua sponte* raise ethical problems involving danger to a just, speedy and inexpensive remedy[13], such as the violation of Virgin Islands law. Further, in the context of this matter, "[t]radition as well as the ethics of our [the legal] profession, generally instruct counsel to avoid the risks associated with participating as both advocate and witness in the same proceeding."[14] Thus, if a lawyer is likely to serve as both advocate and witness, a trial court may *sua sponte* raise the issue of disqualification for violations of the ethical rules governing lawyers.[15]

## A. Senator Russell's Dual Roles as Both a Member of the 29th Legislature and Legal Counsel for the Legislature is Barred by Revised Organic Act of 1954 § 6(b)

██ Senator Russell's legal representation of the Legislature in this matter conflicts with Virgin Islands law. Revised Organic Act of 1954 § 6(b) states in part,

> . . . [P]ersons employed in the legislature, executive or judicial branches of the government of the Virgin Islands shall not be eligible for membership in the legislature.[16]

Senator Russell has filed motions and given oral argument on behalf of himself as Senate President and on behalf of the 29th Legislature. Consequently,

---

[12] *Id.* at "Motions to Disqualify Opposing Counsel: Tactical Abuse" MODEL R. PROF. CONDUCT 3.7 annot. at 363 (quoting *Weeks v. Samsung Heavy Indust. Co., Ltd.* 909 F. Supp. 582 (N.D. Ill. 1996).

[13] *See General Mills Supply Co. v. SCA Services*, 697 F.2d 704, 712 (6th Cir. 1982).

[14] *Kalina v. Fletcher*, 522 U.S. 118, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997).

[15] *See City of Akron v. Carter*, 190 Ohio App.3d 420, 428, 942 N.E.2d 409 (2010); (Ohio adopted the ABA MRPC in 2006.); MODEL RULE PROF.'L CONDUCT "State Adoption of the Model Rules of Professional Conduct" (2012). New Jersey Model Rules of Professional Conduct Rule 3.7 is substantially similar to MRPC 3.7 with the exception of additional provision 3.7(c). MODEL RULE PROF.'L CONDUCT "COMPARISON OF NEWLY ADOPTED NEW JERSEY RULES OF PROFESSIONAL CONDUCT TO THE ABA'S MODEL RULES OF PROFESSIONAL CONDUCT (2006).

[16] Revised Organic Act § 6(b); Revised Organic Act of the Virgin Islands 1954, reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 861 (1995) (preceding V.I. CODE ANN. tit, 1).

he is acting as legal counsel for the Legislature in this matter or as an attorney employed by the Legislature. This dual representation violates Section 6(b) of the Organic Act. Senator Russell contends that the Rules of the Virgin Islands Legislature allow it to designate its own legal counsel and does not bar him from acting as its legal representative. The Court recognizes that under the law the Legislature is free to promulgate its own rules and regulations. This determination is supported by both the law and the separation of powers doctrine.[17]

But the Court notes that Senator Russell cites to no specific Legislative rule that authorizes him to act as legal counsel on behalf of the 29th Legislature, nor has he provided evidence that the Legislature has designated him as its official legal counsel in this matter. Nevertheless, even assuming *arguendo* that there is a Legislative rule that allows Senator Russell to act as legal counsel for the Legislature or that he has been designated as legal counsel in this matter, it is well settled law that rules promulgated by the Legislature are still subject to statutory or constitutional limitations.[18] Thus, even if the Legislature has promulgated a rule that allows Senator Russell to act as its legal counsel, this rule does not take precedence over Section 6(b) of the Revised Organic Act of 1954. In short, the statute trumps the rule.[19]

### B. Senator Russell's Dual Role as both Senator and Legislative Legal Counsel is a violation of the Model Rules of Professional Conduct.

In the Virgin Islands, the conduct of attorneys is guided by the American Bar Association Model Rules of Professional Conduct ["MRPC"].[20] Under ABA MODEL R. PROF. CONDUCT 3.7, "a lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a

---

[17] Under the Revised Organic Act of 1954 § 6(g) the legislature has the power to ". . . exercise all the authority and attributes, inherent in legislative assemblies. . . ."

[18] *Bryan v. Liburd*, 35 V.I. 46, 1996 V.I. LEXIS 20 (Terr. Ct. 1996); *See also Legislature of the Virgin Islands v. Mapp*, 24 V.I. 304, 306, 1989 U.S. Dist. LEXIS 18222 (D.V.I. 1989).

[19] *See, e.g., Caldera v. J.S. Alberici Constr. Co.*, 153 F.3d 1381, 1383 n.** (Fed. Cir.1998) ("Statutes trump conflicting regulations"); *Wolf Creek Collieries v. Robinson*, 872 F.2d 1264, 1267 (6th Cir. 1989) ("statutory language . . . prevail[s] over inconsistent regulatory language").

[20] *See* L.R.CI. 83.2(a)(1); *see also* SUPER. CT. R. 303(a)).

necessary witness . . . ."[21] There are only three narrow exceptions to this rule. An attorney may act as an advocate at trial in which he is likely to be a necessary witness if

> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.[22]

■ Comment 4 of the MODEL R. PROF. CONDUCT 3.7 urges courts to perform a balancing of several factors when deciding a motion to disqualify under this rule.[23] In this jurisdiction, courts review the interests of the client, of the tribunal and opposing party.[24] The importance and probable tenor of the lawyer's testimony, whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice must be balanced against the effects of disqualification on the client.[25]

*The Importance and Probable Tenor of Senator Russell's Testimony*

■ ■ "Rule 3.7 requires disqualification when it is 'likely' that the lawyer will be a necessary witness."[26] The lawyer's likely testimony must be relevant, material and unobtainable elsewhere.[27] If it is likely that the testimony can be obtained through other means, then the attorney is not

---

[21] MODEL R. PROF. CONDUCT 3.7 (2012). The Court notes that unlike other rules disqualifying lawyers based upon conflicts of interest, MODEL RULE OF PROF. CONDUCT 3.7 applies only to representation at trial. Nevertheless, the Court finds that Revised Organic Act of 1954 § 6(b) bars Senator Russell's dual role in this matter completely. ANNOT. MODEL R. PROF.'L CONDUCT "Disqualification Generally Limited to Acting as Trial Counsel" annot at 364 (citations and quotations omitted).

[22] *Id.*

[23] MODEL R. PROF.'L CONDUCT 3.7 at *com.* 4.

[24] *Velger v. Carr*, 2012 U.S. Dist. LEXIS 26277, * 12 (D.V.I. Feb. 2012) (citing to *Brice v. Hess Oil Virgin Islands Corp.*, 769 F. Supp. 193, 195 (D.V.I. 1990)).

[25] MODEL R. PROF.'L CONDUCT 3.7 at *com.* 4.

[26] ANNOT. MODEL R. PROF.'L CONDUCT "Subsection (a): Lawyer May Not Act as Advocate at Trial if Likely to Be Deemed Necessary Witness" annot. at 361.

[27] *Id.* citing to (*Sec. Gen. Life Ins. v. Superior Court*, 149 Ariz. 332, 718 P.2d 985 (1986)). *See also Hillcrest Owners v. Preferred Mut. Ins. Co.*, 234 A.D.2d 269, 650 N.Y.S.2d 310 (App. Div. 1996) (lawyer disqualified in action against insurance company; lawyer's testimony likely to be required to establish existence of oral contract with company).

a necessary witness.[28] Senator Russell in his role as President of the Legislature requested the 2011 audit of the Legislature. The Daily News addressed its request to review the documents at issue to him because he is Senate President. Most importantly, Senator Russell has acted, as is proper, as the liaison between the Legislature, Virgin Islands Inspector General and other government agencies and has access to information that only the Senate President can review. Without a doubt, any possible testimony by Senator Russell would be relevant, material and unobtainable elsewhere.

### Likelihood of the Tribunal Being Misled

 In advancing his argument in this matter, Senator Russell, as counsel for the Legislature must argue his own credibility. This is deeply problematic. "A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others."[29] Senator Russell's dual roles as advocate and representative of a legislative body, could cloud the Court's determination on whether statements made by him as advocate-witness should be taken as proof or as an analysis of the proof.[30]

### Prejudice to the Opposing Party

Senator Russell's role as attorney and possible necessary witness also prejudices the Daily News in this matter as opposing counsel may be inhibited in challenging the credibility of a lawyer who also appears as a witness.[31] This is especially true if the lawyer is also the president of the legislature.

### The Effect of Disqualification On the Client

Under this factor, courts will weigh various issues that might impact a client if forced to attain new legal counsel. This includes any financial

---

[28] *See Grammar v. Melnik*, 2008 U.S. Dist. LEXIS 58854, * 1 (D.V.I. 2008); *see also* ANNOT. MODEL R. PROF.'L CONDUCT "Subsection (a): Lawyer May Not Act as Advocate at Trial if Likely to Be Deemed Necessary Witness" annot. at 361 (quoting *Brown v. Daniel*, 180 F.R.D. 298 (D.S.C. 1998)).

[29] MODEL RULE PROF.'L CONDUCT 3.7, com. 2.

[30] *Id.*

[31] ANNOT MODEL R. PROF.'L CONDUCT "Subsection (a): Lawyer May Not Act as Advocate at Trial if Likely to Be Deemed Necessary Witness" annot. at 361.

hardship that a client would incur.[32] In this matter, the representative client is the 29th Legislature. Senator Russell contends that the Legislature does not have funds readily available to hire legal counsel. Thus, if Senator Russell is disqualified as counsel, the Legislature would have to bear the economic loss incurred by acquiring legal counsel in this matter. The Court is acutely aware of the economic struggles currently facing the Virgin Islands. And understands that any additional financial burden can cause significant hardship to our economy. But the Legislature has general counsel on staff. And the Court must balance the risk of financial hardship against the speedy, equitable and fair determination of this matter. Under MODEL RULE OF PROF. CONDUCT 3.7, the Court finds that the Legislature's financial hardship would not be so substantial as to outweigh the threat that a ". . . mixing of roles between advocate and witness"[33] in this matter would cause prejudice, confusion and harm to the judicial process.

## III. CONCLUSION

After a review of Virgin Islands law, the record in this matter and MODEL R. PROF. CONDUCT 3.7, the Court finds that Senate President Ronald Russell Esq., must be disqualified from representing the 29th Legislature in *Daily News v. 29th Legislature and Senator Ronald Russell Esq.* (SX-12-CV-412). An order consistent with this opinion will follow.

**DONE AND SO ORDERED** this 24th day of October, 2012.

---

[32] ANNOT. MODEL R. PROF.'L CONDUCT "Hardship" annot. at 366.

[33] ANNOT MODEL R. PROF.'L CONDUCT "Hardship" annot. at 359 quoting (*Cottonwood Estates Inc. v. Paradise Builders Inc.* 128 Ariz. 99, 624 P.2d 296 (Ariz. 1981).