**Erick BRICE, Plaintiff,**

v.

**HESS OIL VIRGIN ISLANDS CORP., Defendant.**

**Civ. No. 1989–214.**

District Court of Virgin Islands,
D. Saint Croix.

Nov. 15, 1990.

Lee J. Rohn, Law Offices of Lee J. Rohn, Christiansted, V.I., for plaintiff.

Britain H. Bryant, Law Offices of Britain H. Bryant, Christiansted, V.I., for defendant.

OPINION

BROTMAN, Acting Chief Judge.

This cause is before the court on defendant's motion to set aside the magistrate's order denying defendant's prior motion to disqualify plaintiff's counsel. Defendant moved to disqualify plaintiff's counsel for representing defendant previously in a matter "substantially related" to plaintiff's claim. Magistrate Resnick denied the motion to disqualify plaintiff's counsel after considering briefs of the parties and conducting a hearing on the matter. For the reasons stated below, the defendant's motion to set aside the magistrate's order must be denied.

### I. Background

Plaintiff Brice suffered injuries while working as an employee of Industrial Main-

tenance Corp. ("IMC") on the business premises of defendant, Hess Oil Virgin Islands Corp. ("HOVIC"). Plaintiff's employer, IMC, was a subcontractor hired to provide certain services on HOVIC's business premises. Plaintiff was injured when a heavy duty impactor came unconnected from its hose, and fell 300 feet onto plaintiff. Plaintiff claims that HOVIC failed to provide safe equipment to the co-employee and failed to properly supervise plaintiff and his co-employee in their work.

Plaintiff is represented by Attorney Lee J. Rohn of St. Croix, U.S. Virgin Islands. Ms. Rohn has previously represented HOVIC in similar personal injury litigation while employed as an associate in the law office of Attorney Britain H. Bryant. Ms. Rohn was employed by Mr. Bryant from the summer of 1985 until the summer of 1987. Mr. Bryant's practice includes a significant amount of personal injury defense work for HOVIC.[1] HOVIC claims that Ms. Rohn will use confidential information she gained during her previous representation of HOVIC to the detriment of HOVIC in the present action. HOVIC contends that Ms. Rohn's representation of plaintiff against HOVIC violates canons 4 and 9 of the Code of Professional Responsibility, and that Magistrate Resnick erred in not disqualifying Ms. Rohn from representing the plaintiff in the action.

## II. Analysis

### A. *Standard of Review*

In accordance with Fed.R.Civ.P. 72(a), a motion to disqualify opposing counsel is a nondispositive matter subject to review under the clearly erroneous or contrary to law standard. K. Sinclair, Practice Before Federal Magistrates § 16.05 (1990).

### B. *The Motion to Reconsider the Magistrate's Order*

Defendant claims that canons 4 and 9 of the Code of Professional Responsibility require that plaintiff's counsel be disqualified from the action. The relevant provisions of the Code of Professional Responsibility state:

**DR 4–101 Preservation of Client Confidences and Secrets of a Client.**

(A) "Confidence" refers to information protected by the attorney-client privilege under applicable law, and "secret" refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.

(B) Except when permitted under DR 4–101 a lawyer shall not knowingly:

(1) Reveal a confidence or secret of his client.

(2) Use a confidence or secret of his client to the disadvantage of the client.

(3) Use a confidence or secret of his client for the advantage of himself or of a third person, unless the client consents after full disclosure.

**DR 9–101 Avoiding Even the Appearance of Impropriety.**

(A) A lawyer shall not accept private employment in a matter upon the merits of which he has acted in a judicial capacity.

(B) A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee.

(C) A lawyer shall not state or imply that he is able to influence improperly or upon irrelevant grounds any tribunal, legislative body, or public official.

Model Code of Professional Responsibility DR 4–101, 9–101 (1980).

The American Bar Association replaced the Model Code of Professional Responsibility with the Model Rules of Professional Conduct in 1983. The Model Rules govern the professional responsibilities of attorneys practicing in the Virgin Islands. *Isidor Paiwonsky Associates, Inc. v. Sharp Properties, Inc.*, Civ. No. 87–44, slip op. at 14–15, 1990 WL 303427 (D.V.I. April 3, 1990). ABA Model Rule 1.9 addresses clearly the issue of when it is improper for an attorney to represent a client with an interest adverse to the interests of a former client.

---

**1.** In fact, Mr. Bryant is representing HOVIC in   the case at bar.

## RULE 1.9 Conflict of Interest: Former Client

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client

(1) whose interests are materially adverse to that person; and

(2) about whom the lawyer had acquired information protected by Rules 1.6 [2] and

1.9(c) that is material to the matter; unless the former client consents after consultation.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(1) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or

(2) reveal information relating to the representation except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client.

Model Rules of Professional Conduct Rule 1.9 (1983). Prior to the adoption of the ABA Model Rules of Professional Conduct, the Third Circuit Court of Appeals interpreted Canons 4 and 9 of the Model Code, to require the "disqualification of counsel where it appears that the subject matter of a pending suit in which the attorney represents an interest adverse to a prior employer is such that during the course of the former representation the attorney 'might have acquired substantially related material.'" *American Roller Company v. Budinger,* 513 F.2d 982, 984 (3d Cir.1975), (quoting *Richardson v. Hamilton,* 469 F.2d 1382, 1385 (3d Cir.1972)). The confidences and secrets of an attorney's prior clients must be preserved beyond the termination of the lawyer-client relationship. *American Roller Company,* 513 F.2d at 984. The ABA Model Rules have essentially codified the case law on the propriety of representing an interest adverse to the interests of a former client. *See In re Corn Derivatives Antitrust Litigation,* 748 F.2d 157, 161–62 (3d Cir.1984).

Nonetheless, "disqualification is never automatic". *U.S. v. Miller,* 624 F.2d 1198, 1201 (3d Cir.1980). "The district court should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule. *Id.* at 1201. In cases where relevant countervailing considerations exist, the Third Circuit Court of Appeals "has often employed a balancing test in determining the appropriateness of the disqualification of an attorney." *In re Corn Derivatives Antitrust Litigation,* 748 F.2d at 162. The interest of a client in the continued loyalty of his attorney must be balanced against the opposing litigant's interest in retaining his chosen counsel who has familiarity with the factual and legal issues involved, the opposing litigant's interest in avoiding the time and expense required to familiarize a new attorney with the matter, and the policy that attorneys be free to practice without excessive restrictions. *Id.* at 162; *U.S. v. Miller,* 624 F.2d at 1201.

The parties agree that Ms. Rohn represented HOVIC in prior personal injury litigation. It is well known, on the island of St. Croix, that Mr. Bryant's firm represents HOVIC in the vast majority of its personal injury litigation. Ms. Rohn represented HOVIC in similar litigation during the

---

**2.** Rule 1.6 prohibits a lawyer from revealing any information relating to the representation of a client, except for disclosures which the client expressly or impliedly authorizes. Model Rules of Professional Conduct Rule 1.6 (1983).

course of her employment in Mr. Bryant's law firm. Defendant refers to *Anatole v. Hess Oil Virgin Islands Corp.*, Civil No. 84–253 (D.V.I., St. Croix). In *Anatole*, the plaintiff's thumb was severed by a forklift blade. The forklift was being operated by a co-employee and the blade broke off of the forklift in the process of turning a pump around to allow the plaintiff, Anatole, to sandblast the pump. Anatole alleged that HOVIC failed to provide a safe work place, provided him with unsafe tools and failed to ensure that all "items requested to be worked upon" were safe. Complaint at 2, *Anatole*. Anatole was employed by a subcontractor of HOVIC.

The present action involves an employee of a subcontractor working on HOVIC's business premises who suffers an injury in the course of his duties. The present plaintiff, Brice, alleges that HOVIC was negligent for failing to properly supervise Brice and his co-employee. Additionally, Brice alleges that HOVIC was negligent for failing to provide the co-employee with safe working instruments. The claims which Ms. Rohn defended HOVIC against in *Anatole* are very similar. Brice alleges improper supervision. Anatole alleged an unsafe work place. The second claim of Brice is that HOVIC did not provide "safe connectors for the machine". Complaint at 2. Anatole claimed that HOVIC provided him with tools, and items to be worked upon, which were unsafe. Additionally, HOVIC claims that the indemnity agreement between itself and Communications Systems and Maintenance Corp. (Anatole's employer) is identical to the indemnity agreement between HOVIC and IMC (Brice's employer). The claims of Brice and Anatole are essentially the same.

HOVIC has submitted the affidavit of Mr. Bryant, John Edgley, and Richard Carey. These affidavits show that Ms. Rohn, during the course of her employment with Mr. Bryant, worked on a number of personal injury matters for HOVIC. Ms. Rohn was privy to contractor indemnity agreements, HOVIC's insurer's and HOVIC's policies concerning trial and settlement strategy, accident investigation procedures, HOVIC's record keeping system and policies concerning worker safety. It appears from the aforementioned affidavits that Ms. Rohn learned a great deal about HOVIC's procedure for defending negligence actions during the two years she was employed by Mr. Bryant.

█ It is conceivable that the two years Ms. Rohn spent working on HOVIC personal injury matters will aid her in prosecuting the present action. However, that is not the issue. The issue is whether or not Ms. Rohn may have been privy to confidences or secrets of HOVIC in the course of her prior employment which will compromise HOVIC's defense in the action. If it is determined that HOVIC's trial and settlement strategy or any of the other abovementioned policies and procedures constitute a client confidence or secret, Ms. Rohn will be barred from ever representing a plaintiff in a personal injury action against HOVIC.

Magistrate Resnick stated in his order denying disqualification:

"The delicate legal issues created by suits of subcontractors' employees against HOVIC have been litigated and appealed in the Virgin Islands for years and Attorney Rohn's former representation of HOVIC provides her no unfair special information with regard thereto. Likewise, Attorney Rohn's former confidential discussion with HOVIC's safety managers, safety experts, insurers and counsel should give her no special information vis a vis HOVIC's liability to Brice for his injury, as HOVIC's safety standards *with regard to Brice's injury* are, in any event, subject to revelation through standard discovery processes. Any Knowledge Attorney Rohn has of HOVIC's and its insurers settlement strategy is two years out of date and would be of a general nature."

Magistrate's Order Denying Disqualification of Plaintiff's Counsel at 2. Magistrate Resnick correctly applied the Model Rules to the case at bar. HOVIC has not shown any basis for Ms. Rohn to be disqualified from representing the plaintiff in this action. It is true that Mr. Bryant educated

Ms. Rohn in the intricacies of defending negligence actions. Ms. Rohn was privy to the trial and settlement strategies of Mr. Bryant during the course of her employment. Mr. Bryant's trial and settlement strategies are not confidences or secrets of HOVIC. Any knowledge Ms. Rohn gained during her representation of HOVIC concerning accident investigation procedures, record keeping systems, contractor indemnity agreements, and policies concerning worker safety is discoverable during the normal course of the litigation. Ms. Rohn has no knowledge of any substantive confidences or secrets of HOVIC relating to this action. HOVIC has not adduced any evidence that even implies that Ms. Rohn will have any special advantage in this litigation as a result of her prior representation of HOVIC. Ms. Rohn's continued representation of the plaintiff in this action is not a breach of her duties of loyalty and confidentiality to HOVIC.

### III. Conclusion

The Model Rules of Professional Conduct do not prohibit Ms. Rohn from representing the plaintiff in this action against HOVIC. HOVIC has not shown Ms. Rohn to possess any confidences or secrets which would give the plaintiff any special advantage in this litigation. The magistrate decided correctly not to disqualify Ms. Rohn from representing the plaintiff in this action. Accordingly, defendant's motion to set aside the magistrate's order must be denied.