**PAUL PETER, Appellant**

**v.**

**HESS OIL VIRGIN ISLANDS CORPORATION, Appellee**

D.C. Civil App. No. 1996/064

District Court of the Virgin Islands

Division of St. Croix

January 10, 2002

LEE J. ROHN, Law Offices of Rohn & Cameron, St. Croix, USVI, *For Paul Peter, Plaintiff.*

DARYL C. BARNES, Bryant, Barnes, Moss & Beckstedt, St. Croix, USVI, *For Hess Oil Virgin Islands, Defendant.*

FINCH, *Chief Judge*; MOORE, *Judge*; and SWAN, *Territorial Court Judge,* Sitting by Designation.

## OPINION OF THE COURT

(January 10, 2002)

This Court is called upon to determine the following issues: (1) whether this appeal should be dismissed as moot; and (2) whether the trial judge's order disqualifying Lee J. Rohn, Esq. ("Attorney Rohn") as counsel to Paul Peter is immediately appealable before a final judgment on the merits.[1]

## I. FACTUAL BACKGROUND

On May 5, 1994, Attorney Rohn filed suit in the Territorial Court on behalf of Paul Peter ("appellant" or "Peter") seeking compensatory and punitive damages for injuries allegedly arising out of years of continuous exposure to toxic vapors, substances and particulates while working for various contractors at Hess Oil Virgin Islands Corporation ("HOVIC").

---

[1] Since we will dismiss the appeal, we do not determine whether the trial judge erroneously disqualified Attorney Rohn from representing Paul Peter because she handled cases substantially related to his case for HOVIC while she worked for the Law Offices of Britain H. Bryant & Associates, P.C.

Peter specifically alleged that his injuries were a direct result of painting, hydroblasting and other labor performed at HOVIC.

HOVIC moved to disqualify Attorney Rohn as Peter's counsel because she had represented HOVIC in matters substantially related to Peter's claims while employed by HOVIC's present counsel, the Law Offices of Britain H. Bryant & Associates, P.C. ("the Bryant firm"), from 1985 to 1987. Specifically, Attorney Rohn represented HOVIC in cases dealing with exposure to, or inhalation of, paint vapor, fumes and particulates in cases such as *Belin v. HOVIC*, D.V.I. Civ. No. 1986/071. (*See* Joint Appendix ("J.A.") at 21-28.)

HOVIC also highlighted Attorney Rohn's statement in *Brice v. HOVIC*, 769 F. Supp. 193, D.V.I. Civ. No. 1989/214, that she had refused cases involving exposure to paint vapors and fumes "because they [were] substantially related to cases in which she participated in the defense of HOVIC." (J.A. at 71.) Attorney Rohn countered that her statement in *Brice* was a "gratuitous comment." (*Id.* at 48.) Moreover, Attorney Rohn argued that Peter's exposure was "predominantly lead, sulphur, propane gas, hydrocarbon, combustive fumes, and catalyst," and that she had "never represented H[OVIC] in any such exposure cases." (*Id.* at 74.)

On March 21, 1996, the trial judge disqualified Attorney Rohn because Peter's case was "substantially related" to cases in which she represented HOVIC and that Attorney Rohn's representation of Peter in this case would be "clearly adverse to the interests of HOVIC." *(Id.* at 7-8.) While this timely appeal was pending, the trial court granted HOVIC's unopposed motion to dismiss with prejudice for failure to prosecute for more than three years on February 1, 2000.

## II. DISCUSSION

### A. The Appeal is not moot.

■ HOVIC has filed in this Court a motion to dismiss this appeal on grounds that the disqualification order at issue is now moot because "the underlying merits of this matter have now been resolved, the plaintiff's objection to the disqualification of his counsel of record is moot as[ ] no relief ordered by this Court on the appeal of the disqualification of the counsel can now be of any assistance to the plaintiff." (Motion to Dismiss at 2.) In order for the Court to exercise jurisdiction, "an actual controversy must be extant at all stages of review, not merely at the time the complaint

is filed." *See Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975).

HOVIC set forth the following facts relevant to its motions to dismiss. First, on March 22, 1996, the trial judge disqualified Attorney Rohn and ordered Peter to obtain substitute counsel within 30 days. Second, Peter did not seek a stay of that order pending resolution of this matter, and did not comply with the trial judge's order. Third, Attorney Rohn continued to represent Peter. Fourth, on January 14, 2000, HOVIC moved to dismiss the Territorial Court matter for failure to prosecute for more than three years. Fifth, Peter did not respond to said motion, and the trial court dismissed the matter with prejudice for failure to prosecute on February 1, 2000.

Peter opposed HOVIC's motion to dismiss this appeal on grounds that: (1) he had a constitutional right to have counsel of choice, and should not have been required to obtain substitute counsel; (2) the filing of a notice of appeal was the "functional equivalent of a stay" of the Territorial Court's order for disqualification and substitution of counsel; and (3) the dismissal order was a nullity because trial court lacked jurisdiction to dismiss the matter for lack of prosecution. HOVIC countered that Peter relied upon a nonexistent constitutional right to counsel of his choice, and ignored the order of the trial court to his peril. Additionally, HOVIC argued that because the underlying disqualification order was nonappealable, the trial court retained jurisdiction over the merits and properly dismissed with prejudice for failure to prosecute.

■ ■ Peter has filed a motion in the Territorial Court seeking reconsideration of the dismissal for failure to prosecute, but, to date, the trial court has not ruled on that motion. Because Peter's motion is still pending before the trial court, the disqualification issue raised by HOVIC in its appeal remains "alive" because Peter continues to have a personal interest in its outcome. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997) (State employee's challenge became moot when she resigned her position and began work in private sector.). Furthermore, a case is moot only if it is impossible for a court to grant any effective relief. *See Isidor Paiewonsky Assoc., Inc. v. Sharp Properties, Inc.*, 998 F.2d 145, 151 (3d Cir. 1993); *Caribbank Financial Group v. St. Croixcoastal Zone Management*, No. 1990/157, 1997 U.S. Dist. LEXIS 5004, at *3-4 (D.V.I. Apr. 14,

1997). We thus do not agree that HOVIC's appeal of Attorney Rohn's disqualification is moot, and will deny its motion to dismiss.

## B. This Court Declines to Exercise Jurisdiction to Review the Order Disqualifying Attorney Rohn as Counsel for Appellant.

■ This Appellate Division has jurisdiction to review the judgments and orders of the territorial court in all civil cases pursuant to V.I. CODE ANN. tit. 4, § 33; Section 23A of the Revised Organic Act of 1954.[2] We accordingly must first determine whether we have jurisdiction to entertain this appeal. The Supreme Court of the United States has held that an order disqualifying counsel in a civil case is neither a final, immediately appealable order, under 28 U.S.C. § 1291,[3] nor does it fall within the narrow category of prejudgment orders known as "collateral orders." *See Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 429-30, 105 S. Ct. 2757, 86 L. Ed. 2d 340 (1985). The final order rule requires parties to "raise all claims of error in a single appeal following final judgment on the merits." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S. Ct. 669, 66 L. Ed. 2d 571 (1981). The narrow exception to the rule provides that a prejudgment decision of a trial court may be appealable as a collateral order if it (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978).

HOVIC argues that because this Appellate Division mirrors the federal system, this Court is bound by rules of the federal system, and, therefore, that we cannot exercise jurisdiction over Attorney Rohn's disqualification because it is neither a final order nor a collateral exception to the final judgment rule.[4] Peter argues that the Supreme Court in *Richardson-*

---

[2] The Revised Organic Act of 1954 is found at 48 U.S.C. § 1613a (1994), *reprinted in* V.I. CODE ANN., Organic Acts, 73-177 (codified as amended) (1995 & Supp. 2000) (preceding V.I. CODE ANN. tit. 1) ["Revised Organic Act"].

[3] "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291.

[4] We review the trial court's grant of a motion to disqualify counsel for abuse of discretion, *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 588 (3d Cir. 1999), but to the extent that the trial court applied legal precepts in deciding HOVIC's motion for disqualification, our review is

*Merrell* focused only on the "final order" language of 28 U.S.C. § 1291 when it denied immediate appeal of attorney disqualification orders. He points out that 4 V.I.C. § 33 does not contain the word "final", and contends that the broad wording of Section 33 grants this Court jurisdiction to review the disqualification order.

■ Despite the broad scope of appellate jurisdiction conferred by the Legislature of the Virgin Islands, 4 V.I.C. § 33, this Court has routinely narrowed its scope of review to final judgments or orders. While we agree that the scope of the Appellate Division's appellate review, having been judicially narrowed, can be judicially expanded, we have only done so in extraordinary circumstances. *See, e.g., Gov't Ex Rel. Larsen v. Ruiz,* 145 F. Supp. 2d 681, 684 (D.V.I. App. Div. 2000) (final judgment rule does not bar appeal from order on non-custodial parent's obligation to pay child support; government's extraordinary, compelling interest in physical and psychological well-being of children outweighs interests of judicial economy); *Prosser v. Prosser,* 34 V.I. 139, 142 n.4, 921 F. Supp. 1428, 1431 n.4 (D.V.I. App. Div. 1996) (denial of motion to vacate writ of execution based on ruling that divorce decree was enforceable judgment deemed reviewable order since involved question not decided in earlier decision on the merits); *see also Gov't of the V.I. v. DeJongh,* 28 V.I. 153, 159, 163-64 (D.V.I. App. Div. 1993).

Even in judicially broadening of the final judgment rule to include collateral orders, the Supreme Court and the Court of Appeals for the Third Circuit have excluded attorney disqualification orders. *See Richardson-Merrell, Inc. v. Koller,* 472 U.S. at 432, 439, 440 (pretrial order disqualifying counsel not immediately appealable and, "though 'final,' is not independent of the issues to be tried," noting that "[e]ven if some orders disqualifying counsel are separable from the merits of the litigation, many are not," and concluding that "orders disqualifying counsel in civil cases, as a class, are not sufficiently separable from the merits to qualify for interlocutory appeal.");[5] *Bryant v. Sylvester,* 57 F.3d 308, 313 (3d Cir. 1995) ("[T]he strong bias of § 1291 against piecemeal

plenary. *See Allen v. Allen,* 118 F. Supp. 2d 653, 656 (D.V.I. App. Div. 2000). "Findings of fact shall not be set aside unless clearly erroneous." 4 V.I.C. § 33.

[5] The Supreme Court expressly rejected the "disqualified attorney's personal desire for vindication [as] . . . an independent ground from interlocutory appeal." *Richardson-Merrell, Inc. v. Koller,* 472 U.S. at 434-35, 438 (holding that a "disqualification order can be reviewed as effectively on appeal of a final judgment as on an interlocutory appeal." Although a dis-

appeals almost never operates without some cost. . . . Thus, erroneous . . . grants . . . of attorney disqualification . . . may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment."); *see also Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 209, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999) (affirming order disqualifying plaintiff's attorney for discovery abuses, noting that the appealability of a sanction imposed on an attorney should not "turn on the attorney's continued participation," and recognizing that "the efficiency interests served by limiting immediate appeals far outweigh any nominal monitoring costs borne by attorneys."); *see Comuso v. Nat'l RR Passenger Corp.*, 267 F.3d 331, 339 (3d. Cir. 2001) (Order sanctioning and disqualifying attorney under court's inherent powers not final and appealable, and not sufficiently separate from underlying merits. "Supreme Court has consistently rejected a case-by-case approach in deciding whether an order was separate from the merits of the litigation in favor of a *per se* rule that sanctions orders are inextricably intertwined with the merits of the case."). We, as the Supreme Court and Court of Appeals have repeatedly admonished, must make sure that the collateral order "requirements [are] stringently applied in order to prevent the exception from swallowing the general rule." *See, e.g., Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868, 114 S. Ct. 1992, 128 L. Ed. 2d 842 (1994); *Comuso*, 267 F.3d at 335; *We, Inc. v. City of Philadelphia*, 174 F.3d 322, 324-25 (3d Cir. 1999) ("We have . . . consistently construed the collateral order exception narrowly 'lest the exception swallow up the salutary general rule that only final orders be appealed.' ").

■ We accordingly hold that the disqualification of an attorney is not an extraordinary circumstance which would require or justify expanding the scope of our review under 4 V.I.C. § 33 to include such a nonfinal, prejudgment order.

---

qualified attorney "may well have a personal interest in pursuing an immediate appeal, an interest which need not coincide with the interests of the client," the Court observed that professional ethics required any decision to appeal to "turn entirely on the client's interest." *Id.* at 435 (citing MODEL RULES OF PROF'L CONDUCT R. 1.7(b), 2.1 (1985)). *See Comuso v. Nat'l RR Passenger Corp.*, 267 F.3d 331, 335-36 (3d. Cir. 2001) (adopting the foregoing).

## III. CONCLUSION

Although we find that this appeal is not moot, we also find that the Territorial Court's order disqualifying Lee J. Rohn, Esq., as counsel to Paul Peter is not an appealable final order. Accordingly, this Court will grant HOVIC's motion to dismiss the appeal.