IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
May 26, 2026 03:28 PM
ST-2023-CV-00308
TAMARA CHARLES
CLERK OF THE COURT




**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

CAROL YANOW,

Plaintiff,

v.

WVJD, LLC and  GOVERNMENT OF
THE VIRGIN ISLANDS,

Defendants.

CASE NO.: ST-2023-CV-00308

COMPLAINT FOR DAMAGES

JURY TRIAL DEMANDED

**2026 VI Super 22U[1]**

THOMAS FRIEDBERG, ESQUIRE
LAW OFFICES OF FRIEDBERG AND BUNGE
St. John, VI
*Counsel for Plaintiff, Carol Yanow*

JENNIFER KOOCKOGEY-LAJOIE, ESQUIRE
BARNES, D'AMOUR & VOGEL
St. Thomas, VI
*Counsel for Defendant, WVJD, LLC*

JALICHA PERSAD, ESQUIRE
VIRGIN ISLANDS DEPARTMENT OF JUSTICE
St. Thomas, VI
*Counsel for Defendant, Government of the Virgin Islands*

**MEMORANDUM OPINION AND ORDER**

¶1     **THIS MATTER** is before the Court, pursuant to Virgin Islands Supreme Court Rule 211.3.7 and Virgin Islands Rule of Civil Procedure 7(b) ("request for court order must be made by motion"), upon the following:

---

[1] This opinion has been designated unpublished for several reasons. First and foremost, there is little binding precedent from the Virgin Islands Supreme Court addressing disqualification of counsel, at all, much less specifically applying the rule prohibiting attorneys as witnesses. Further, the unique factual circumstances giving rise to counsel as a witness do not readily compare to prior opinions addressing the same rule. In the absence of factually analogous opinions providing either binding or highly persuasive precedent, the Court finds it wiser to not bind itself to this decision. However, given the novelty of the issue and facts, having this decision available for reference and further citation is useful. Therefore, an unpublished opinion is warranted.

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 2 of 28

**2026 VI Super 22U**

1. Defendant WVJD, LLC's ("WVJD") "Motion and Supporting Memorandum of Law to Disqualify Plaintiff's Counsel," filed May 5, 2025,[2] which was supported by the following exhibits:

   - Exhibit A- Affidavit of Dawn Leroux, notarized February 11, 2025;
   - Exhibit B- "Declaration of Thomas F. Friedberg in Opposition to Defendant WVJD, LLC's Motion for Sanctions," executed February 20, 2025;
   - Exhibit C- "Notice of Service of Plaintiff's Rule 26(a)(1) Initial Disclosure Statement," dated February 11, 2024, with 14 photographs attached (some with black areas indicating redacted text);
   - Exhibit D- "Plaintiff's Rule 26(a)(1) Third Disclosure Statement," dated January 8, 2025, with 3 photographs attached (each containing various markings/annotations in yellow text);

2. "Plaintiff's Memorandum in Opposition to Defendant WVJD, LLC's Motion to Disqualify," filed May 11, 2025, which was supported by the following exhibits:

   - Exhibit 1 to "Plaintiff's Opposition to Defendant's Motion for Summary Judgment," which was filed February 20, 2025;[3]

---

[2] For Parties' filings approved by the Clerk of the Court, the operative date for purposes of complying with filing deadlines is the date a document is submitted electronically. V.I. E-FILING R. 5(d) ("If the clerk accepts the document, the document shall be considered filed with the court on the date the original submission to the electronic filing system was complete."); *see also* V.I. E-FILING R. 5(c).

[3] The Complaint was filed September 16, 2023. *See generally Parris v. Nurse,* 76 V.I. 492, 501 (V.I. 2022) ("[G]eneral provisions in title 5 state that the limitations subtitle 'applies to suits[,] which are brought in one form of action known as 'civil action' pursuant to [the Federal Rules of Civil Procedure.]' The Federal Rules of Civil Procedure — and identically in the present V.I. Rules of Civil Procedure — define commencement of an action. The applicable rule provides that a civil action is commenced by the filing of a complaint." (alterations in original) (quoting 5 V.I.C. § 1; and citing FED. R. CIV. P. 3; V.I. R. CIV. P. 3; *Kelley v. Gov't of the V. I.*, 59 V.I. 742, 745-46 (V.I. 2013))). On December 2, 2024, WVJD filed its motion for summary judgment (including all supporting exhibits, e.g., declarations, answers to interrogatories, disclosures by parties, etc.). On January 8, 2025, Plaintiff gave notice to the Court that a third set of mandatory disclosures was made. On February 11, 2025, WVJD filed its motion for sanctions. Plaintiff filed her opposition (including exhibits) to summary judgment on February 20, 2025. On February 20, 2025, Plaintiff also filed her opposition to WVJD's motion for sanctions; this included as an exhibit the "Declaration Of Thomas F. Friedberg In Opposition To Defendant WVJD, LLC's Motion For Sanctions." On March 10, 2025, WVJD filed its reply to Plaintiff's opposition to the motion for sanctions. On March 11, 2025, WVJD filed its reply to Plaintiff's opposition to summary judgment.

It was not until May 5, 2025, that WVJD filed its motion to disqualify Plaintiff's counsel. From December 2, 2024, when the motion for summary judgment was filed, through February 11, 2025, when the motion for sanctions was filed, and all the way until May 5, 2025, when the motion to disqualify was filed, Plaintiff failed to seek to amend her Complaint to revise the photo included; notably, it also does not appear that the notice of tort claim was amended and provided to the Government.

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 3 of 28

**2026 VI Super 22U**

- Exhibit 2-4 to "Plaintiff's Opposition to Defendant's Motion for Summary Judgment," which was filed February 20, 2025; and

3. Defendant's WVJD's "Reply in Support of Motion to Disqualify Plaintiff's Counsel," filed May 30, 2025.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶2    While the motions practice sets forth with decent clarity the factual basis for the present motion to disqualify, the Parties also rely on pleadings and exhibits to other motions in support of their arguments.  Therefore, the motions practice will be summarized first.  Followed by a summary of the pleadings and other filings cited by the Parties as material and relied upon for their arguments.

### A. WVJDs Motion to Disqualify Plaintiff's Counsel

¶3    WVJD asks that this Court "disqualify Attorney Thomas Friedberg from serving as counsel for Plaintiff" "because Attorney Friedberg is a necessary witness to contested and material facts."[4] In support, WVJD asserts that Plaintiff's counsel was present when "friction testing was conducted at the site where Plaintiff originally claimed to have fallen" on "the tile surface of Parcel 4B— property not owned by WVJD."[5]  As an essential fact witness, it is argued, Plaintiff's counsel is conflicted from continued representation.[6]

¶4    The underlying factual allegations Plaintiff seeks to establish are "that she slipped and fell on a sidewalk in front of the Wharfside Village commercial center in Cruz Bay, St. John on August

---

[4] "Motion and Supp. Memo. of Law to Disqualify Pl.'s Counsel" (Mot. to D.Q.), p. 1, para. 1 (filed May 5, 2025).

[5] *Id.*

[6] *Id.*

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 4 of 28

**2026 VI Super 22U**

17, 2022," that was caused by " tile located in front of property owned by" WVJD.[7] This allegation was supported by a photograph that was attached to the Complaint; and then by additional photographs disclosed in Plaintiff's mandatory initial disclosures.[8] In total, Plaintiff provided thirteen (13) photographs "depicting Parcel 4B from various angles, some showing what appears to be Plaintiff's own snorkel bag"; however, "Parcel 4B . . . is not owned by Defendant WVJD."[9]

¶5 Based on Plaintiff's judicial admissions,[10] disclosures, and answers to interrogatories, WVJD filed its motion for summary judgment on December 2, 2024. In light of Plaintiff's undisputed admission that her injuries occurred on Parcel 4B, WVJD sought summary judgment in its favor for the absence of any duty owed to Plaintiff (thereby negativing/defeating breach and causation, as well) because WVJD did not own or control that real property.[11] Rather, WVJD is the record title holder of Parcel 4A; this parcel was not the location of Plaintiff's injuries depicted in the photograph attached to the Complaint.[12]

---

[7] *Id.*, para. 2 (citing Compl. paras. 8-10).

[8] *Id.*

[9] *Id.*, p. 1-2, para. 2 (citing Exhibit C "Photos from Plaintiff's complaint, rule 26 Disclosures (served February 12, 2024), and Interrogatories (served July 20, 2024)).

[10] A Party's factual statements in their pleadings constitute judicial admissions of fact. *See generally Walters v. Walters,* 60 V.I. 768, 775 (V.I. 2014) ("Although 'unsworn representations of an attorney are not evidence,' *Henry v. Dennery,* 55 V.I. 986, 994 (V.I. 2011), an attorney's client may nevertheless be bound by such statements under the doctrines of judicial admissions and judicial estoppel. *See Arlington Funding Services, Inc. v. Geigel,* 51 V.I. 118, 133 (V.I. 2009) (recognizing judicial admissions doctrine in the Virgin Islands), *overruled in part on other grounds by Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 564 (V.I. 2012); *see also Sobratti v. Tropical Shipping & Constr. Co.,* 267 F.Supp.2d 455, 463 (D.V.I. 2003) ("Hence, a party is precluded from retreating from a factual claim, which he affirmatively asserted in support of his cause of action, simply to avoid summary judgment.") (collecting cases).").

[11] Mot. to D.Q., p. 2, para. 1.

[12] *Id.*

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 5 of 28

**2026 VI Super 22U**

**¶6**     In response to WVJD's summary judgment motion, Plaintiff served her Third Supplemental Disclosures, as required by Virgin Islands Rule of Civil Procedure 26, on January 8, 2025.  It was in this supplemental disclosure (consisting of images from google maps[13]) that Plaintiff first disclosed photographs that depicted Parcel 4A as the location of her injuries.[14]

---

[13] While WVJD asserts these images are "unauthenticated," a witness (whether a party to the litigation or not) need only have personally viewed the location depicted in a photo, drawing, sketch, map, diagram, diorama, video, AI reconstruction, or any such visual replication of a given location, object, persons, etc. in order to allow them to testify that what is depicted in the photo is what the witness/party had seen at the relevant time and location.  *Corraspe v. People*, 79 V.I. 457, 474 (V.I. 2024)  ("Defense counsel objected on the basis that the officer had not taken the pictures. *But see Litton v. Commonwealth*, 597 S.W.2d 616, 618-19 (Ky. 1980) ("When a photograph is used as demonstrative evidence, the witness need not be the photographer, nor must [they] have any personal knowledge of the time, method, or mechanics of the taking of the photographs. The witness is only required to state whether the photograph fairly and accurately depicts the scene about which [they] are testifying.").");  *George v. People*, 59 V.I. 368, 387 (V.I. 2013) ("The People did not provide testimony to the operation of the surveillance cameras or whether they were working properly at the time of the robbery, nor was there any testimony from the technician who extracted the video from the surveillance systems and downloaded it onto the jump drive.  But such testimony is unnecessary where a witness who personally observed the events captured on the video testifies to the video's accuracy, as occurred here through Mills's testimony.  *Goldin,* 42 F. App'x at 552 (holding that a video was properly authenticated where the camera operator testified to its accuracy); *State v. Wilson,* 637 A.2d 1237, 1242 (N.J. 1994) ("any person with the requisite knowledge of the facts represented in the photograph or videotape may authenticate it"); *People v. Dennis,* 956 N.E.2d 998, 1004 (Ill. App. Ct. 2011) (holding that testimony "authenticat[ing] the workings of the device and process that produced the recording" is unnecessary where a witness "testif[ies] that the recording accurately represents what he or she personally saw or heard").").

Here, Plaintiff was present at the time of her slip and fall and saw the location with her own eyes.  She is competent, V.I.R. Evid. 901, to use her memories of that location at that time and compare them to the Google Earth/Maps images and determine if those images fairly and accurately depict the location at the time alleged in the Complaint.  All counsel are reminded of their obligations under Rule 1 to ensure prompt and inexpensive resolution of proceedings. Inserting legally unfounded objections as to the competence of a fact witness to compare a photograph of a location to their memory of that location and determine if the photograph fairly and accurately represents the location is frivolous behavior designed to delay and increase expense.  While Google and other such business may disclose their liability as verifying what an image depicts, such a disclaimer of their individual liability for such a representation does not disable or inhibit anyone who has viewed the location of such an image from drawing on their own personal knowledge and authenticating an image as depicting what is alleged.  The Court is losing patience with this specific unfounded objection, given the frequency with which attorneys raise it.

[14] Mot. to D.Q., p. 2, para. 1 (citing Exhibits C and D).

To clarify, the words in the Complaint always alleged Parcel 4A; the photograph that was a part of an exhibit to the Complaint (the notice of intent to file a tort claim, served pre-suit on the Government) depicted Parcel 4B.  In text, Plaintiff has always alleged that Parcel 4A was the location at which her injuries occurred.  However, a picture being worth a thousand words, the exhibit to the Complaint and all photographs of the location where the fall is alleged to have occurred disclosed prior to opposing summary judgment depicted Parcel 4B.  So, it was in opposing summary judgment that Plaintiff first provided a photograph of Parcel 4A and identified it as the location of her fall that is alleged to have caused her injuries.

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 6 of 28

**2026 VI Super 22U**

¶7        This "late shift in position" by Plaintiff, when among the originally disclosed photographs there were some that "were likely taken by Plaintiff herself, as they showed her personal beach bag," was the basis for a motion for sanctions pursuant to Virgin Islands Rule of Civil Procedure 11, as such a dramatic factual change "reflected a lack of reasonable inquiry."[15]  "Attorney Friedberg's subsequent self-serving affidavit" "was an improper attempt to avoid summary judgment" by contradicting the judicial admission in the Complaint stating that the location of Plaintiff's injuries was Parcel 4B.[16]

¶8        In support of the argument that Attorney Friedberg's affidavit was an improper contradiction of the judicial admissions in the Complaint, WVJD pointed out that Attorney Friedberg had personally attended the friction testing of the tiles on Parcel 4B, the location alleged in the Complaint to be where Plaintiff fell and was injured.[17] Notably, the witness who saw the testing conducted stated so under penalty of perjury that the testing was never conducted on Parcel 4A, which was documented by the photographs taken by the witness.[18]  Indeed, the witness spoke with Attorney Friedberg, who stated they were "just doing a small test on the tile," which testing was never conducted anywhere outside of Parcel 4B.[19]

---

[15] Mot. to D.Q., p. 2, para. 1-2.

[16] *Id.*  (citing Exhibit D and "Defendant's Motion for Sanctions").

[17] *Id.*, para. 3 (citing Ex. A paragraphs 2-13).

[18] *Id.*, para. 3 (citing Ex. A paragraphs 2-13; 18-21 and photos).

[19] *Id.*, p. 3, para. 1 (citing Ex. A paragraphs 12-17, 20-21).

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 7 of 28

**2026 VI Super 22U**

### B. Plaintiff's Opposition to Counsel's Disqualification

¶9 In opposing WVJD's motion for Rule 11 sanctions, Attorney Friedberg submitted several statements under penalty of perjury. Of note, he stated, "Based on my error and my misunderstanding of where Ms. Yanow has described the location of her incident, I mistakenly arranged to have an area on Parcel 4B inspected and photographed."[20] WVJD countered that the "Sham Affidavit Rule" should be adopted in the Virgin Islands and applied to the present facts to bar Plaintiff from contradicting the judicial admissions in her Complaint.[21]

¶10 As of the time of WVJD's motion to disqualify and up to the present, Plaintiff has not sought leave to amend the Complaint. As such, "no testing has occurred on Parcel 4A, no expert report has been produced, and the identity of the individual who assisted Attorney Friedberg remains unknown. The original photographs produced in Plaintiff's Complaint and disclosures continue to depict Parcel 4B, and no . . . documentation explains the shift to Parcel 4A."[22]

¶11 Importantly, this "unresolved factual dispute—whether Plaintiff fell on Parcel 4A or Parcel 4B—remains central to the case. This issue is the focus of concurrent summary judgment and sanctions briefing."[23] WVJD explains that disqualification is required because:

> V.I. S. Ct. R. 211.3.7 prohibits an attorney from acting as an advocate at trial when the attorney is likely to be a necessary witness, absent limited exceptions. A "necessary witness" is one whose testimony is relevant, material, and unobtainable elsewhere. Daily News, at *4.

---

[20] Mot. to D.Q., p. 3, para. 2 (citing Exhibit B "Friedberg Affidavit").

[21] *Id.*, para. 3 (citing "Defendant's Reply in Support of Summar Judgment").

[22] *Id.*, para. 4.

[23] *Id.*, para. 5.

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 8 of 28

**2026 VI Super 22U**

> Here, all three prongs of the "necessary witness" test are met. Attorney Thomas Friedberg is a necessary witness to a central, disputed issue in this case: the location and condition of the tile surface where Plaintiff allegedly slipped. Friedberg personally arranged and participated in tile testing at the site he believed to be the fall location, and later submitted a sworn affidavit describing and relying on that testing.[24]

While counsel to a party may "submit procedural affidavits without becoming fact witnesses, Attorney Friedberg's declaration went well beyond procedural content. It included factual assertions regarding the location and condition of the alleged fall site, his rationale for testing Parcel 4B, and his conclusions about the tile's slipperiness—each of which remains actively disputed."[25] This factual knowledge "is essential to understanding the circumstances surrounding the only tile testing that has occurred in this case," as the Plaintiff's judicial admissions absolve WJVD of liability; and Attorney Friedberg's affidavit creates a factual issue (that contradicts his client's judicial admissions) as to the location of Plaintiff's injuries, in turn creating an issue of WJVD's liability for negligence.[26] Before WJVD's motion for summary judgment, "Plaintiff has relied on testing conducted by Attorney Friedberg to suggest that the tile on which she allegedly fell was unreasonably slippery."[27] The location where Plaintiff suffered her injuries dictates what surface must be tested in order to determine whether the surface was unreasonably slippery;

---

[24] *Id.*, p. 6, para. 2-3.

[25] Mot. to D.Q., p. 6, para. 4.

[26] *Id.*, p. 6-7, para. 4.

[27] *Id.*, p. 7, para. 1.

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 9 of 28

**2026 VI Super 22U**

Attorney Friedberg's affidavit substantively relates and is material to these factual issues in dispute.[28]

¶12    Because Plaintiff was not present for the testing conducted on Parcel 4B and the expert has not been disclosed, "[o]nly Attorney Friedberg can explain why Parcel 4B was selected for testing, whether he believed the testing was representative of conditions on Parcel 4A, how it was conducted, what procedures were used, what conclusions he drew, and whether Plaintiff directed or relied on the testing in developing her case."[29] "This testimony goes to the core of WVJD's defense: that it neither owns, controls, nor maintains the area where the fall occurred. Attorney Friedberg's actions and sworn statements have been used to support Plaintiff's claims—even though they are based on a location Plaintiff has now disclaimed."[30] "Because Attorney Friedberg's testing and affidavit are now central to the evidentiary record—and have been actively contested—his testimony is not only relevant and material, but also uniquely within his personal knowledge."[31]

¶13    Plaintiff opposes WVJD's motion to disqualify her counsel. "The operative allegations of the Complaint against Defendant WVJD, LLC, are set forth in paragraphs 8 – 11 and alleged the following:"

> 8. At all times herein mentioned, Defendant, WVJD, LLC, owned, operated, managed, maintained, leased, possessed, developed, planned, designed and otherwise controlled a certain parcel of real property, including the sidewalk in front of the property, and all improvements thereon and located at or near 4A Cruz

---

[28] *Id.*

[29] *Id.*, para. 3.

[30] Mot. to D.Q., p. 8, para. 2.

[31] *Id.*, p. 9, para. 2.

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 10 of 28

**2026 VI Super 22U**

Bay Quarter, St. John, Virgin Islands and known as Wharfside Village. Defendant, WJVD, LLC, is a citizen of the Virgin Islands.

9. At all times herein mentioned, the hereinabove described real property, and more particularly the adjacent sidewalk, was open to members of the general public, and that by reason thereof, Defendant, WVJD, LLC, owed a general duty to own, operate, manage, maintain, supervise, develop, design, plan and otherwise control the real property described herein in a reasonable, safe and proper manner so that persons, such as Plaintiff, entering upon and onto the real property, would be protected from injury to life and limb while therein.

10. On or about August 17, 2022, at or near 1:30 p.m., Plaintiff, CAROL YANOW, was walking on the sidewalk that was part of the real property of Defendant, WVJD, LLC.

11. At that time and place, and while Plaintiff, CAROL YANOW, was lawfully and rightfully on the real property of Defendant, as hereinabove alleged, Defendant, WVJD, LLC, so negligently and carelessly owned, managed, possessed, inspected, maintained, operated, designed, planned, developed and otherwise controlled the real property and the adjacent sidewalk described herein so as to create a foreseeable risk of harm for persons invited onto the property, including Plaintiff, as a result of the use of a tiled surface with an unreasonably low co-efficient of friction resulting in the walking surface being dangerously slippery and creating a slip and fall hazard.[32]

¶14    After reaffirming the written allegations in the Complaint, Plaintiff argues as follows:

Throughout the complaint Plaintiff alleges that her incident occurred on Parcel 4A Cruz Bay which is owned by Defendant WVJD, LLC. The area of the fall has been identified in a declaration signed by Plaintiff in which she marked the area where she fell with an "x". (See Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Ex. 1.) This area is Parcel 4A Cruz Bay which is owned by Defendant. (See Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Exhibits 2-4). Plaintiff has never alleged that her fall occurred at any other location.[33]

---

[32] "Plaintiff's Memorandum in Opposition to Defendant WVJD, LLC's Moton to Disqualify" (Pl. Opp. to Mot. to D.Q.), p. 1-2, para. 2 (filed May 11, 2025).

[33] *Id.,* p. 2, para. 1.

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 11 of 28

**2026 VI Super 22U**

Rather, "counsel for Defendant is manufacturing an argument that Attorney Friedberg is a witness based on mistaken testing that was done on another parcel prior to this lawsuit being filed. This has been fully addressed in Plaintiff's Opposition to Defendant's Motion for Summary Judgment and in Plaintiff's Opposition Defendant's Rule 11 Sanctions."[34] "The only admissible evidence from Plaintiff as to the location of the fall is her declaration."[35]

¶15     Plaintiff argues that "Defendant's present motion changes nothing. Defendant is simply raising the same points to now argue that Attorney Friedberg will be a witness. This begs the question – a witness to what. Prior to this lawsuit being filed another parcel was tested. The prior testing is not relevant to where Plaintiff has set forth under penalty of perjury where she actually fell. The fact that another parcel was tested has no relevance to where this incident occurred."[36] "Testing of the sidewalk is relevant as to the co-efficient of friction of the entire sidewalk along Parcel 4A and 4B. This incident occurred on Parcel 4A. In order to access Parcel 4A, Plaintiff walked across the sidewalk on Parcel 4B. The differing co-efficient of friction between Parcel 4A and Parcel 4B may be relevant as to why Plaintiff slipped and fell. The evidence of the co-efficient of friction and the circumstances of Plaintiff's incident will be established by the testimony of Plaintiff and Plaintiff's retained expert . . . ."[37] Based on this possible scenario, Attorney Friedberg claims he is not a necessary witness.

---

[34] *Id.,* p. 3, para. 1.

[35] *Id.,* p. 3, para. 3.

[36] *Id.*, para. 2.

[37] *Id.,* p. 4, para. 1.

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 12 of 28

**2026 VI Super 22U**

### C. WVJD's Reply to Plaintiff's Opposition to Disqualification of Plaintiff's Counsel

¶16    In reply, WVJD points out the Plaintiff's opposition "does not dispute that Attorney Thomas Friedberg personally arranged and participated in tile testing at Parcel 4B, later submitted a sworn affidavit describing that testing, and that the facts he addressed are materially contested."[38] "No expert can retroactively supply Friedberg's intent, reconstruct his rationale, or explain the evidentiary narrative Plaintiff has already advanced, including her initial disclosures identifying Parcel 4B, based on his actions and affidavit."[39] "The question under Rule 211.3.7 is not whether Attorney Friedberg saw the fall or whether Plaintiff might find another expert, but instead whether Attorney Friedberg is 'likely to be a necessary witness,' meaning whether his testimony is relevant, material, and unobtainable elsewhere."[40]

¶17    Specifically, WVJDs argued, "Friedberg's actions and sworn statements concern the site, scope, and outcome of tile testing that Plaintiff has used to support her core liability theory—that the surface where she fell was dangerously slippery. In his own affidavit, Attorney Friedberg admitted: 'Based on my error and my misunderstanding of where Ms. Yanow has described the location of her incident, I mistakenly arranged to have an area on Parcel 4B inspected and photographed.' Parcel 4B is not owned or controlled by Defendant WVJD, and the distinction between Parcel 4B and Parcel 4A goes to the heart of the case."[41]

---

[38] "Reply in Support of Motion to Disqualify Plaintiff's Counsel" (Rep. to Opp. to Mot. to D.G.), p. 1, para 2 (filed May 30, 2025).

[39] *Id.*, p. 1-2, para 2.

[40] *Id.*, p. 2, para 2.

[41] *Id.*, p. 4, para 1-2 (quoting Attorney Friedberg's Declaration, ¶ 4).

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 13 of 28

**2026 VI Super 22U**

¶18    Notably, "Plaintiff originally supported her claim with images and disclosures depicting Parcel 4B, then pivoted to a new location, Parcel 4A, after summary judgment was filed," raising credibility concerns about Plaintiff's factual claims.[42]  Where the accident occurred is a disputed fact, and Attorney Friedberg has knowledge as to why Plaintiff has made two conflicting factual declarations under oath; the Plaintiff's credibly is always material to a case.  "His testimony is therefore plainly relevant and material. It bears directly on the location of the alleged fall, the condition of the tile surface, the reasoning behind the testing, and how the results were used in litigation. Whether the tile was slippery and whether it was located on property owned or controlled by WVJD are not only likely to make a difference at trial—they may be entirely dispositive of Plaintiff's claims against WVJD."[43]

¶19    "No other individual—not the unidentified older male who accompanied Friedberg, not Plaintiff, and not a future expert—can supply the same factual testimony. Friedberg selected the site, arranged the testing, and submitted the sworn affidavit upon which Plaintiff now relies. His intent, rationale, and evidentiary purpose are all uniquely within his personal knowledge."[44]  "A future expert cannot . . . explain why Parcel 4B was selected, or justify the evidentiary choices already made and presented to the Court."[45]

¶20    "Friedberg's actions of personally conducting tile testing, submitting a sworn affidavit, and placing his own observations and reasoning into the evidentiary record are directly tied to

---

[42] *Id.*, p. 4, para 2.

[43] *Id.*, p. 5, para 1 (filed May 30, 2025).

[44] *Id.*, p. 6, para 1.

[45] *Id.,* p. 6, para 2.

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 14 of 28

**2026 VI Super 22U**

Plaintiff's shifting theory of liability. Her Complaint originally relied on a photo depicting Parcel 4B, which shows a snorkel bag that Plaintiff identified in discovery as the one she was carrying at the time of the incident—strongly suggesting she took the photos herself, contemporaneously or shortly afterward, and knew exactly where the alleged fall occurred. It was only after WVJD moved for summary judgment that Plaintiff changed course, introducing unauthenticated Google Earth satellite and street view images of an entirely new area on Parcel 4A (in direct contrast to all prior disclosures, which depicted Parcel 4B), and citing Friedberg's affidavit to justify the change. As a result, Friedberg's credibility, judgment, and factual account will be central to discovery and trial."[46]

**¶21**     Ultimately, WVJD argues that the conflict between the photographs and facts declared in the Complaint and all the way through summary judgment and Plaintiff's belated affidavit that suddenly creates a factual conflict of the core facts of liability by contradicting both the Complaint and all discovery to that point creates a credibility issue of Plaintiff that must be resolved; and only Plaintiff's counsel has the personal knowledge to do so.  WVJD concludes, "[t]his case remains in its early stages: no depositions have been taken, and discovery is ongoing. The burden to Plaintiff in retaining substitute counsel is therefore minimal. Ultimately, the risks of confusion, prejudice, and damage to the adversarial process posed by Friedberg's continued representation far outweigh any speculative hardship to Plaintiff. Disqualification is both justified and necessary."[47]

---

[46] *Id.*, p. 7-8, para 2-1.

[47] *Id.*, p. 9, para 1-2.

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 15 of 28

**2026 VI Super 22U**

### D. Pleadings, Judicial Admissions, and Contradictory Declarations of Fact to Avoid Summary Judgment

¶22 While the motions practice provides a fair summary of the issues to be decided by the Court, a summary of the material portions of the Complaint and opposition to summary judgment is needed to clarify some of the material facts.

¶23 It was alleged that, "On or about August 17, 2022, at or near 1:30 p.m., Plaintiff, CAROL YANOW, was walking on the sidewalk that was part of the real property of Defendant, WVJD, LLC."[48] "At all times herein mentioned, Defendant, WVJD, LLC, owned, operated, managed, maintained, leased, possessed, developed, planned, designed and otherwise controlled a certain parcel of real property, including the sidewalk in front of the property, and all improvements thereon and located at or near 4A Cruz Bay Quarter, St. John, Virgin Islands and known as Wharfside Village."[49] Because it was alleged that the Government of the Virgin Islands was also responsible for the sidewalk where the allegations are said to have occurred, a copy of the notice of tort claim was attached to the Complaint as Exhibit A.[50] Exhibit A included the same basic factual allegations as the Complaint but also included "a photograph depicting the tiled surface."[51]

¶24 More fully, Plaintiff gave notice to the Government of the Virgin Islands that Attorney Friedberg's "office has been retained to represent Carol Yanow in an action for negligence arising out of a dangerous condition of the public sidewalk located in front of Wharfside Village located

---

[48] Compl., para 10 (Oct. 2, 2023).

[49] *Id.*, para 8.

[50] *Id.,* para 4.

[51] *Id.,* Ex. A, p. 1, para 2 (Notice of Tort Claim dated September 21, 2022).

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 16 of 28

**2026 VI Super 22U**

at 4A Cruz Bay, St. John, Virgin Islands. This notice is being sent pursuant to the Virgin Islands

Tort Claims Act 33 VIC §§ 3408 -3414. This incident occurred when Ms. Yanow slipped and fell

on the tiled surface. It had recently rained and the tiled surface provided little to no slip resistance

in the area where pedestrians are expected to walk resulting in a dangerous condition. Enclosed

please find a photograph depicting the tiled surface."[52]



This photograph was included in Plaintiff's discovery and in her answers to interrogatories, which

are answered under penalty of perjury, and used to depict and identify the location where Plaintiff

fell.

¶25     In WVJD's statement of undisputed material facts, it points out that

> 2. WVJD, LLC owns the property identified as Parcel 4A Cruz Bay, St. John, U.S.
> Virgin Islands. This ownership is confirmed by a title report provided by Anchor

---

[52] *Id.,* para 1-2.

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 17 of 28

**2026 VI Super 22U**

Title, LLC, and further supported by the sworn Declaration of WVJD's representative, Joseph DeCourcy, affirming WVJD's ownership of Parcel 4A. Exhibit A, "Title report for Parcel 4A Cruz Bay," and Exhibit B, "Declaration of Joseph DeCourcy, WVJD Representative."

3. Plaintiff's Complaint includes a photo of the surface where she allegedly fell, showing a tiled sidewalk in front of the storefront "Vibe Collection," located on Parcel 4B, not Parcel 4A, which was confirmed by the Declaration of Joseph DeCourcy, affirming that this location is not within or adjacent to WVJD's property. Exhibit C, "Photo of the surface where Plaintiff allegedly fell, attached to Complaint as Document 1-1," and Exhibit B, "DeCourcy Declaration."

4. Additional photographs disclosed during discovery in Plaintiff's Rule 26 Disclosures (served February 12, 2024) and Interrogatories to WVJD (served July 20, 2024) depict the same alleged fall site in front of the storefront "Vibe Collection," situated on Parcel 4B, which were reviewed by Joseph DeCourcy who confirmed in a sworn Declaration that the location shown is not in front of Parcel 4A. Exhibit D "produced pages from Plaintiff's Rule 26 Disclosures and interrogatory responses, including photos showing the alleged fall site in front of Parcel 4B," and Exhibit B, "DeCourcy Declaration."

[5[53]]. Parcel 4B, the location of Plaintiff's alleged fall, is not owned, controlled, or maintained by WVJD, LLC. The title report confirms that WVJD's ownership is limited to Parcel 4A, and the Declaration of WVJD's representative affirms that WVJD does not own or have any interest in Parcel 4B. Exhibit A, "Title report for Parcel 4A Cruz Bay," and Exhibit B, "DeCourcy Declaration."[54]

Therefore, due to the lack of ownership and control, WVJD sought judgment in its favor due to the failure of at least one essential element of the causes of action pled. Exhibit D included the photograph that had been included in the notice of tort claim that had been attached to the Complaint as part of Exhibit A thereto.[55]

---

[53] The statement of material facts erroneously duplicates paragraph 4 such that the fifth paragraph is labeled as a second paragraph 4.

[54] "Defendant's Motion for Summary Judgment and Supporting Memorandum of Law" (Mot. for Summ. Jdgmt.), p. 2, para 2-4 (filed Dec. 2, 20224).

[55] *Id.*, Exhibit D, p. 2-4 (photograph from complaint and form discovery provided by plaintiff).

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 18 of 28

**2026 VI Super 22U**

¶26    In opposition, Plaintiff denies paragraphs 3-4 and 6 of WVJD's statement of undisputed facts with the same response, "Plaintiff has submitted her declaration stating that the incident occurred on Parcel 4A. Further, Plaintiff filed a Supplemental Disclosure with a photograph depicting the area where she fell which is Parcel 4A. Plaintiff has also filed declarations as part of this opposition supporting that this incident occurred on Parcel 4A."[56]  In support of this factual assertion, Plaintiff submitted, *inter alia*, as Exhibit 1 to the opposition to summary judgment, the "Declaration of Carol Yanow" that included an Exhibit A thereto that was a new photograph depicting the location of Plaintiff's fall with an "x" marked thereon.[57]



The location of the "x" is not anywhere on the photograph that was judicially admitted with the Complaint as being the location of Plaintiff's fall.  The Complaint has neither  been amended, nor

---

[56] "Plaintiff's Memorandum in Opposition to Defendant WVJD, LLC's Motion for Summary Judgment" (Opp. to Mot. for Summ. Jdgmt.), p. 3-4, para 3-4(filed Feb. 20, 2025).

[57] *Id.*, Ex. 1 p. 2-5.

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 19 of 28
**2026 VI Super 22U**

has Plaintiff sought leave to amend her Complaint. Notably, the motion for summary judgment was filed December 2, 2024; and the motion to disqualify was not filed until May 5, 2025.

¶27 Fundamentally, Plaintiff's allegations conflict with themselves—the words alleged in the Complaint and the photograph attached to the Complaint admit[58] to Plaintiff's injuries occurring at the same time in two physically distinct locations, a factual impossibility. This factual impossibility has led to a fair amount of motions practice. In response to one such motion, Attorney Friedberg explained this factual impossibility in the Complaint as follows:

> 3. On September 16, 2023, I caused to be filed a Complaint for Damages on behalf of Carol Yanow. In the pleading, the location of the incident was alleged to have occurred on Parcel 4A Cruz Bay.
>
> 4, Based on my error and my misunderstanding of where Ms. Yanow has described the location of her incident, I mistakenly arranged to have an area on Parcel 4B inspected and photographed. This in or about January 2023, and prior to the lawsuit being filed.
>
> 5. I subsequently discovered my error and had Plaintiff mark and initial on a photograph the area of her fall. This document was provided to Defense counsel in a supplemental disclosure.
>
> 6. On January 8, 2025, I sent the e-mail attached as Exhibit "A" to Defense counsel and stated that "I apparently was mistaken when I had the photos taken as to exactly where this incident occurred. Plaintiff indicated on the attached exhibit as to the location where she had her incident which is within parcel 4A."[59]

---

[58] *See generally Walters*, 60 V.I. at 775.

[59] Opp. to Mot. for Summ. Jdgmt., Exhibit thereto titled "Declaration of Thomas F. Friedberg in Opposition To Defendant WVJD, LLC's Motion For Sanctions," p. 1-2 (filed on Feb 20, 2025).

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 20 of 28

## II.   LEGAL STANDARD

### A. Disqualification of an Attorney

¶28   In the Virgin Islands, the Court is responsible for supervising the conduct of attorneys that appear before it and has the power to disqualify any attorney if it determines such action is warranted.[60] In considering motions to disqualify counsel, the Court is tasked with safeguarding the integrity of court proceedings and eliminating the threat of tainting the litigation.[61] Disqualification motions are considered a drastic measure which courts should only impose when absolutely necessary because such motions seek to deprive an opposing party of their counsel of choice and could be "motivated by tactical concerns."[62] The party seeking disqualification must meet a high standard of proof before a lawyer is disqualified, although doubts are resolved in favor of disqualification.[63]

¶29   When resolving a motion to disqualify counsel, courts typically apply a two-step analysis that first requires determining whether a substantive violation occurred or is suspected.[64] In

---

[60] *See Farrell v. Hess Oil V.I.*, 57 V.I. 50, 57 (V.I. Super. Ct. 2012) (citing *McKenzie Constr. v. St. Croix Storage Corp.*, 961 F. Supp. 857, 859 (D.V.I. 1997) (providing that the Court has discretion to decide whether disqualification is warranted).

[61] *See Fenster v. Dechabert*, Case No. SX-16-CV-343, 2017 V.I. LEXIS 149, at *4 (V.I. Super. Ct. Sept. 27, 2017) (citing *Rodriguez v. Spartan Concrete Prods., LLC*, 2017 U.S. Dist. LEXIS 62923, at *5 (D.V.I. Apr. 25, 2017) (quoting *McKenzie Constr.*, 961 F. Supp. at 859).

[62] *See Hamed v. Yusuf*, 69 V.I. 221, 224 (V.I. Super. Ct. 2018) (quoting *Nicholas v. Grapetree Shores, Inc.*, 2013 U.S. Dist. LEXIS 42717, at *12 (D.V.I. 2013) (citing *Lamb v. Pralex Corp.*, 46 V.I. 213, 216 (D.V.I. 2004) (noting that disqualification motions are "viewed with disfavor").

[63] *See Farrell*, 57 V.I. at 57 (quoting *Prosser v. National Rural Utility Cooperative Financial Corp.*, 2009 U.S. Dist. LEXIS 47744, at *6 (D.V.I. 2009)); *see also Fenster*, 2017 V.I. LEXIS 149 at *14 (finding that "vague and unsupported allegations are not sufficient to meet this standard").

[64] *See Caribbean Off the Grid Plaza, LLC v. Pedram*, 2021 V.I. SUPER 33U, at *22 (V.I. Super. Ct. 2020); *see also Fenster*, 2017 V.I. LEXIS 149 at *14 (outlining a two-step inquiry that involves: (1) determining whether a substantive violation occurred; and (2) engaging in a balancing test to determine whether disqualification is an appropriate remedy).

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 21 of 28

**2026 VI Super 22U**

considering whether a substantive violation has occurred, Virgin Islands courts refer to the Virgin Islands Rules of Professional conduct, which took effect on February 1, 2014.[65] These rules are substantively identical to the ABA's Model Rules of Professional Conduct, and therefore previous decisions applying the ABA rules remain applicable in interpreting and applying the Virgin Islands rules.[66] If the Court finds a substantive violation of the Virgin Islands Rules of Professional Conduct, the Court then engages in the second step of the analysis, which involves balancing the interests of the parties to determine whether disqualification is appropriate.[67] This balancing test requires "the court to balance the right of a party to retain counsel of his choice and the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system.'"[68]

## B. Lawyer as Witness

¶30    Disqualification of an attorney based on their role as a potential witness is governed by Supreme Court Rule 211.3.7 from the Virgin Islands Rules of Professional Conduct:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;

---

[65] *See Pedram*, 2021 V.I. SUPER 33U at *22 (clarifying that prior to February 1, 2014, the ABA's Model Rules of Professional Conduct governed the conduct of Virgin Islands attorneys, but Supreme Court Rule 211 now embodies the new Virgin Islands Rules of Professional Conduct that governs the conduct of attorneys).

[66] *See id.*

[67] *See id.*; *see also Fenster*, 2017 V.I. LEXIS 149 at *14 (citing Keith Swisher, *The Practice and Theory of Lawyer Disqualification*, 27 Geo. J. Legal Ethics 71, 87 n.57 2014) (discussing factors that courts should balance in resolving disqualification motions including: (1) the client's interest in being represented by counsel of its choice; (2) the opposing party's interest in a trial free from prejudice; and (3) the public's interest in scrupulous administration of justice).

[68] *See Hamed v. Yusuf*, 69 V.I. 221, 224 (V.I. Super. Ct. 2018).

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 22 of 28

**2026 VI Super 22U**

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.[69]

This rule prohibits lawyers from simultaneously acting as an advocate and a necessary witness except in specific circumstances.[70]

**¶31**     To determine whether a lawyer is a necessary witness, "the lawyer's likely testimony must be relevant, material and unobtainable anywhere else."[71] When deciding a motion to disqualify under this rule, courts are urged to balance several factors typical of a disqualification analysis, including the interests of the client, the opposing party, and the tribunal.[72] In reviewing these factors, the Court will consider the importance of the lawyer's likely testimony, whether the opposing party is likely to suffer prejudice, and whether the tribunal is likely to be misled.[73] The Court will balance these factors against the effects of disqualification on the client.[74]

## III.     ANALYSIS

**¶32**     To determine whether WVJD's motion to disqualify should be granted, the Court must first examine the Virgin Island Rules of Professional Conduct to determine whether a substantive

---

[69] V.I. S. Ct. R. 211.3.7.

[70] *See* V.I. S. Ct. R. 211.37; *see also Pedram*, 2021 V.I. SUPER 33U at *24 (citing Model Rules of Prof'l Conduct R. 3.7 Comment 3).

[71] *See Daily News Publ. Co. v 29th Legislature of the Virgin Islands*, 59 V.I. 138, 145 (V.I. Super. Ct. 2012) (establishing that if it is "likely that the testimony can be obtained through other means, then the attorney is not a necessary witness").

[72] *See id.*

[73] *See id.*

[74] *See id.*

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 23 of 28

**2026 VI Super 22U**

violation occurred.[75] Next, the Court must balance the interests of the parties, including the right of Plaintiff to retain counsel of her choice and the substantial hardship which might result from disqualification.[76]

¶33 The Virgin Islands Rules of Professional Conduct prohibit a lawyer from acting as an advocate at trial when the lawyer is likely to be a necessary witness unless certain exceptions apply.[77] A lawyer is a necessary witness when the likely testimony of the lawyer is "material, relevant, and unobtainable anywhere else."[78]

¶34 Attorney Friedberg is the only witness who can clarify why it was alleged one parcel was the location of the fall, while a photograph of a different location was included in the Complaint, why testing was done on the location in the photograph (rather than the actual location of the alleged fall), and a host of other issues bearing directly on Defendant's liability. His testimony is unquestionably relevant and material—indeed if WVJD does not own the parcel and, thus, has no ability to control the property to make changes, there is no liability. Attorney Friedberg's declaration provides material information as to why testing was conducted and where, and no other witness has been disclosed by Plaintiff, who can provide the same testimony or information which now appears to be only known by Attorney Friedberg. Simply, Attorney Friedberg has essential

---

[75] *See* V.I. S. Ct. R. 211.37; *see also Pedram*, 2021 V.I. SUPER33U at *22; *see also Fenster*, 2017 V.I. LEXIS 149 at *14.

[76] *See Hamed*, 69 V.I.at 224.

[77] *See* V.I. S. Ct. R. 211.3.7.

[78] *See Daily News*, 59 V.I. at 145 (granting a motion to disqualify because the lawyer's testimony was likely to be required to establish the existence of an oral contract with a company).

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 24 of 28

**2026 VI Super 22U**

evidence that bears on the factual determination of the Defendant's liability, separate and apart from any information the Plaintiff may provide.

¶35 Having determined that Attorney Friedberg is likely a necessary witness, the Court must ensure that no exceptions to the rule regarding a lawyer as witness apply before moving on to balancing the interests of the parties. The first exception is whether the lawyer's testimony would relate to an uncontested issue. Here, Attorney Friedberg's testimony would relate to the location of the fall and the testing of the tiles where the fall allegedly occurred, which is the central dispute between the Parties. Thus, Attorney Friedberg's testimony would relate to an issue that is clearly contested; and this exception does not apply.

¶36 The second exception is whether the lawyer's testimony relates to the nature and value of legal services rendered in the case. This is very obviously not a fee issue.

¶37 The third and final exception to the rule regarding a lawyer as witness is whether disqualification of the lawyer would work substantial hardship on the client. Here, nothing in the record indicates that the Plaintiff would face substantial hardship if she had to find another attorney. While the exchange of some written discovery has occurred, no depositions have been taken; and Plaintiff has not disclosed any experts. The record reflects that an undisclosed expert conducted friction testing on the tile surface of a parcel of land near where Plaintiff alleges she slipped and fell, undisclosed experts are not discoverable. Therefore, it does not appear Plaintiff will suffer any significant setback with a change of counsel, as experts must still be retained, disclosed, and deposed in addition to parties and fact witnesses. At such a stage in the litigation, new counsel would have to review written discovery and the motions practice to date, but not more. Notably, Plaintiff's new counsel would not be operating under the disability of going to

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 25 of 28

**2026 VI Super 22U**

trial without having conducted the depositions — a situation that makes preparing for cross-examination much more involved requiring detailed reviews of transcripts.

¶38    Therefore, the third exception does not apply. Finding no exception to the rule regarding a lawyer as witness, Attorney Friedberg's continued representation of Plaintiff is a substantive violation of the Virgin Islands Rules of Professional Conduct Rule 211.3.7.

### A. Balancing the parties' interests reveals that disqualification is warranted.

¶39    While the importance and probable tenor of Attorney Friedberg's likely testimony classify him as a necessary witness, the Court must also consider the interests of (1) the client, (2) the opposing party, and (3) the tribunal when evaluating a disqualification motion under this rule.[79]

¶40    As discussed above, Plaintiff would not likely experience substantial hardship if Attorney Friedberg were disqualified and she had to find new representation.  Here, the economic hardship that Plaintiff might face in having to hire a new attorney, before any depositions have been taken or expert discovery conducted, is not substantial, though there is some financial hardship.

¶41    In addition to considering the client's interests, the Court must determine whether the opposing party is likely to suffer prejudice under Attorney Friedberg's continued representation and whether the tribunal is likely to be misled by Attorney Friedberg's representation.[80] Here, Attorney Friedberg has unique personal knowledge of the Parties' dispute.  By limiting discovery and testimony from an essential witness, as would be required if Attorney Friedberg remained counsel, failure to disqualify would make it highly likely that Defendants will suffer prejudice

---

[79] *See Daily News*, 59 V.I. at 145.

[80] *See id.* at 146.

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 26 of 28

**2026 VI Super 22U**

**¶42**    Finally, the tribunal is also likely to be misled by Attorney Friedberg's representation of Plaintiff. As an advocate for the Plaintiff with unique knowledge about the dispute, knowledge that goes directly to the credibility and validity of the allegations in the Complaint, his representation could mislead the tribunal as to whether his statements should be taken as proof or as analysis of the proof.[81]

**¶43**    The financial hardship to Plaintiff of changing counsel does not outweigh the hardship to WVJD if a necessary witness were to be unavailable nor does it outweigh the "threat that a mixing of roles between advocate and witness" could cause confusion and prejudice to the judicial process.[82] Considering the interests of both Parties as well as the interests of the Court, Attorney Friedberg's dual role as attorney and necessary witness warrants disqualification.

## IV.    CONCLUSION

**¶44**    Motions to disqualify counsel are not taken lightly by courts as they seek to deprive a party of their counsel of choice.[83] Such motions are viewed with disfavor since they may be motivated by tactical concerns, and the party moving for disqualification bears a heavy burden of proving disqualification is warranted.[84] However, if a party meets this burden and establishes that a substantive violation of the rules of professional conduct has occurred, and the court properly balances the interests of the parties, doubts are resolved in favor of disqualification.[85]

---

[81] *See id.* (finding a lawyer's dual role as advocate and witness problematic because "a witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others").

[82] *See id.* at 147.

[83] *See Hamed*, 69 V.I. at 224.

[84] *See id.*

[85] *See Farrell v. Hess Oil V.I.*, 57 V.I. 50, 57 (V.I. Super. Ct. 2012).

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 27 of 28

**2026 VI Super 22U**

¶45    In this case, disqualification of Attorney Friedberg as Plaintiff's counsel is warranted because Attorney Friedberg is likely to be a necessary witness in the Parties' dispute.  The central conflict between these two Parties regards whether the Defendant had possession and control of the property on which Plaintiff fell such that it owed a duty of care to ensure safe passage upon the property and breached that duty by failing to inspect and correct the unreasonably dangerous surface of the tile upon which people walked.  Attorney Friedberg's explanations in his declaration demonstrate exactly how he is the only source of material evidence, making him a necessary witness.  None of the exceptions to the Virgin Islands Rules of Professional Conduct regarding a lawyer as witness apply, and balancing the interests of both parties as well as the Court reveals disqualification is warranted.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Disqualify Attorney Friedberg is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall have sixty (60) days from the date of this Order to hire new counsel; and it is further

**ORDERED** that within 20 days of counsel having been retained, pursuant to Virgin Islands Rule of Civil Procedure 15-2, Plaintiff **shall file an amended complaint** that **DOES NO MORE THAN**[86] remove the factual contradiction between the description of the location of the property where her injuries are alleged to have occurred and the photograph attached to the Complaint of a different parcel of land; and it is further

---

[86] This Order should not be understood to preclude the filing of a separate motion to amend the complaint.  Rather, the amendment ordered by the Court is limited and MUST be filed and docketed before the filing of any other motion seeking approval of any proposed amendment.

*Carol Yanow v. WVJD, LLC and Gov't.*
Case No. ST-2023-CV-00308
Order on Motion to Disqualify
Page 28 of 28

**2026 VI Super 22U**

**ORDERED** that a copy of this Order shall be directed to counsel of record and to all individuals named in this matter.

DATED: May 26, 2026 _____
                              **HON. SIGRID M. TEJO**
                              Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court ___/____/____

**By:** _____
  for **Latoya Camacho**
     Court Clerk Supervisor _05_/_27_/_26_